FARMERS AND MERCHANTS BANK OF HUMANSVILLE, Appellant, v. W. H. PRICE, Respondent.

Kansas City Court of Appeals, May 12, 1890.

1. **Fraudulent Conveyances:** VOLUNTARY DEED: ATTACHMENT. A deed from a debtor to his wife's sister, the only consideration or excuse for which was, that the wife had bought the sister's interest in their father's estate and still owed therefor (the sister at the time knowing nothing of the conveyance, nor holding the husband as her debtor), is either a voluntary gift to the sister, or the wife, and is fraudulent in law and void as to existing creditors, and furnishes ample ground for attachment.

2. ———: ———: GRANTOR'S MOTIVE: INSTRUCTION. The motives of the grantor are immaterial, the law fixes the character of the transaction as fraudulent, regardless of such motives; and it is error to tell the jury that "to render such conveyance fraudulent as to creditors, it must appear from the evidence, and they must be satisfied, that such conveyance was made for that purpose."

*Appeal from the Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED ( *with directions* ).

*J. B. Upton* and *J. D. Abbe*, for appellant.

Ordinarily, the instructions given for respondent would have been correct, but, applied to the facts in this case, they are grossly erroneous. Wm. H. Price conveyed a lot, worth two hundred dollars, to Melissa Kee. He didn't owe her a dollar. He testifies: "I was not owing Melissa Kee anything, but my wife was and she and I are one. She knew nothing about it when I made the deed, nor for a long time after." Melissa Kee testified: "Mr. Price was not indebted to me in any sum, nor did I pay him anything for the lot he deeded to me." This conveyance constituted a legal fraud, regardless of the intention of the grantor. These instructions would have been proper in some cases, but, in this case, an insolvent debtor conveys his real estate not to pay his own "honest debt," but the debt of some one else. This was equivalent to a gift of the lot to Melissa Kee, or to his wife one, either of which would be in fraud of creditors. The viciousness of the instructions consists in their not discriminating between a case where an insolvent debtor prefers a particular creditor of his own and a case where such debtor conveys his property without any consideration to pay the "honest debt" of some one else. On Price's own testimony, the court should have instructed that the conveyance to Melissa Kee was fraudulent as to creditors.

*C. W. Hamlin* and *E. P. Miller*, for respondent.

(1) The verdict of the jury was fully sustained by the testimony, and was for the right party. (2) The

instructions given on the part of the plaintiffs were certainly all that they deserved, and fairly stated the law. (3) Appellants claim that the transfer of the lot to Melissa Kee and to Paxton, by respondent, were *per se* fraudulent, and that the court erred in giving the instruction : " If W. H. Price transferred part of his property in good faith for the purpose of paying an honest debt, such conveyance is not fraudulent as to creditors." However, they admit the correctness of said instruction except as to this case, yet there is not a word of testimony or an intimation that the indebtedness either to Melissa Kee or Paxton & Miller Lumber Company were not *bona fide* claims. (4) Upon the whole, the verdict in this case was a righteous one and most decidedly for the right party, and we are persuaded that this same " occult influence" inducing this "Granger jury," etc., would operate in the same way with all other juries after hearing this testimony.

GILL, J.—In September, 1888, the plaintiff bank, being a creditor of defendant Price, in the sum of three thousand dollars, sued defendant by attachment. The ground of attachment, as set out in the affidavit, was " that defendant had fraudulently conveyed or assigned his property and effects so as to hinder or delay his creditors." Defendant joined issue with the plaintiff by filing his plea in abatement denying such allegation. The matter thus at issue was tried in the circuit court before a jury, a finding and judgment was had for defendant and plaintiff has appealed to this court.

I. Aside from other manifest errors appearing in this record we call attention to *one*, all-sufficient to warrant a reversal.

The evidence is undisputed, that a few days prior to the institution of this suit defendant conveyed away all his property, so that indeed ( as he stated to plaintiff's cashier ) he did not have left " a dollar's worth of property." A portion of this was transferred to the

"Miller Lumber Company," an alleged creditor, but without the knowledge or consent, at the time, of said lumber company; a portion was deeded to one John Price (his brother) for the alleged purpose of securing such brother as security on plaintiff's claim against defendant; and the remainder was conveyed to Melissa Kee (the sister of defendant's wife). Whatever may be said as to the good or bad faith of the conveyances to said lumber company or said John Price, it is clear that the transfer to Melissa Kee was fraudulent and void as to existing creditors and furnished ample ground for plaintiff's attachment. It stands admitted, and without a syllable of contradiction, that defendant Price conveyed the real estate named in the deed to Melissa Kee, without any consideration whatever, that such conveyance was purely voluntary. The excuse for this transfer to Melissa Kee is that defendant's wife had bought said *Melissa's* interest in their father's estate, and that Mrs. Price still owed her sister therefor. Defendant claims to have voluntarily paid this debt by deeding the real estate to said Melissa Kee. Strange to say, however, that said Melissa knew nothing of the conveyance till weeks after the deed was made and recorded. However this may be, all testify the defendant never assumed or agreed in any way to pay this debt of his wife. Melissa Kee swore that defendant Price was not indebted to her in any sum, or on any account. The conveyance then to said Melissa was, and must be taken, either as a voluntary gift by defendant to her, or to defendant's wife. In either case it is fraudulent at law and void as to plaintiff and other existing creditors, since thereby these creditors were deprived of the means of even partially satisfying their claims against the grantor therein.

II. It matters not as to Price's *motives* in the matter, the law fixes the character of the transaction as fraudulent, regardless of such motives. Hence the court erred in declaring to the jury "that to render

such conveyance fraudulent as to creditors it must appear from the evidence, and they must be satisfied, that such conveyance *was made for that purpose.*" Under the seventh clause ( or ground ) authorizing attachment ( Revised Statutes, 1879, section 398 ) it is not necessary to show an *actual fraudulent intent.* If such deed was fraudulent in and of itself as matter of law, it was a fraudulent conveyance within the meaning of said section. And, if the judgment of the law denounced it as fraudulent, it would support that allegation of the affidavit. *Douglass v. Cissna,* 17 Mo. App. 44; *Cooper v. Standley,* 40 Mo. App. 138, and cases cited.

Since then from the undisputed facts it appears defendant did fraudulently convey or assign his property so as to hinder and delay his creditors; and since it is admitted that plaintiff was, at the time, one of such creditors, it follows that the court below, on the issue made by the plea in abatement, should have instructed the jury to find for the plaintiff.

The judgment is clearly for the wrong party, and will be reversed and the cause remanded, with directions to the circuit court to enter a judgment sustaining the attachment. All concur.