Sauer v. Behr.

GUS. O. L. SAUER, Respondent, v. GUS. L. BEHR, Appellant.

Kansas City Court of Appeals, April 4, 1892.

1. **Fraudulent Conveyances:** MORTGAGE OF STOCK OF GOODS: ATTACHMENT. The mortgage of a stock of goods where the mortgagor continues with the consent of the mortgagee in his usual course of business, selling the same, is fraudulent in law and furnishes ground for attachment, nor does it matter if it was made to secure a *bona fide* debt.

2. ———: RECORD: CREDIT OF MORTGAGORS. The withholding of a chattel mortgage on stock of goods from record so as to place the credit and solvency of the mortgagor on a false basis and aid him in imposing on his creditors, is fraudulent.

3. ———: ATTACHMENT: PARTICIPATION OF MORTGAGEE. On the trial of the plea in abatement to an attachment, the participation or non-participation of the mortgagee in the alleged fraudulent mortgage, is immaterial, as the matter in issue is the fraud or good faith of the attached debtor in the transaction.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Hayward & Griffin,* for appellant.

(1) The court should have sustained defendant's demurrer to the evidence. *Dobyns v. Meyer,* 95 Mo. 132; *Furniture Co. v. Fricke,* 39 Mo. App. 146; *Robinson's Ex'rs v. Robards,* 15 Mo. 459; *Brooks v. Wimer,*

20 Mo. 503; *Reed v. Pelletier*, 28 Mo. 173; *Thompson v. Foerstel*, 10 Mo. App. 290; *Hopkins v. Hastings*, 21 Mo. App. 263; *State v. County Court*, 51 Mo. 350; *State v. County Court*, 51 Mo. 395; *Eaton's Adm'r v. Perry*, 29 Mo. 96. (2) Each of the instructions of the court, whether given on its own or plaintiff's motion, contains reversible error.

*J. W. Gillespie*, for respondent.

(1) There was ample proof on the trial to support the verdict of the jury. The mortgages offered in evidence were assailed and are assailable on two grounds, because they were to the use of the grantor. *Brook v. Wimer*, 20 Mo. 503; *Reed v. Pelletier*, 28 Mo. 173; *State to use v. Tasker*, 31 Mo. 445; *State to use v. D'Oench*, 31 Mo. 453; *Lodge v. Samuels*, 50 Mo. 204; *Bullene v. Barrett*, 87 Mo. 185; *Hisey v. Goodwin*, 90 Mo. 366. (2) The mortgages assailed in this case were withheld from the record at the request of, and by agreement with, the defendant (mortgagor), for the avowed purpose of obtaining credit on a false basis. Good faith and justice require that a chattel mortgage be put on record in a reasonable time. *Wilson v. Milligan*, 75 Mo. 41; *Walsh v. Chambers*, 13 Mo. App. 301.

GILL, J.—During the years 1888 and 1889, defendant Behr was engaged in the saloon and restaurant business at Ninth and Broadway streets, Kansas City. While so engaged, defendant became indebted to various parties, and among them to this plaintiff. On the twenty-third day of May, 1889, plaintiff brought suit by attachment against defendant, alleging in the affidavit, among other causes, that the defendant had fraudulently conveyed or assigned his property and effects so as to hinder and delay his creditors. Plea in

abatement was filed, putting in issue the grounds of attachment; a trial was had thereon, resulting in a finding and judgment sustaining the attachment, and defendant appeals.

I. The main objection here urged by defendant's counsel seems to be that the testimony did not justify the verdict, and, hence, that the trial court erred in refusing to sustain a demurrer to the evidence. As to this we have carefully read the record, and considered the printed brief and argument of defendant's learned counsel, but fail to see any reason for disturbing the judgment. The evidence not only sustains the verdict and judgment below, but it is difficult to see how any other result could have been reached.

It satisfactorily, if not conclusively, appears that several months prior to the levy of this and other attachments defendant Behr executed two separate mortgages covering his entire stock of goods, restaurant and saloon fixtures, and, with the full knowledge and consent of the mortgagees, he was permitted to continue in possession and to sell and dispose of such goods in the usual course of the defendant's business. That such conveyances were fraudulent in law and furnish grounds for attachment, is no longer an open question in this state. *Reed v. Pelletier*, 28 Mo. 177; *State to use v. Tasker*, 31 Mo. 445; *Lodge v. Samuels*, 50 Mo. 204; *Bullene v. Barrett*, 87 Mo. 189; *Hisey v. Goodwin*, 90 Mo. 366; *Douglass v. Cissna*, 17 Mo. App. 44; *Farmers & Merchants' Bank v. Price*, 41 Mo. App. 291.

Under the uniform ruling in the courts of this state such mortgages are considered conveyances to the use of the grantor, and, therefore, fraudulent and void as to the creditors, existing and subsequent, and purchasers. Neither does it matter (as seems to be the contention of defendant's counsel) whether such mortgages

are made to secure a *bona fide* debt, or are unsupported by any just claim.

More than this, the manner in which these mortgages were taken and held by the defendant's mortgagees stamps each transaction as one of fraud in fact, so far at least as this defendant is concerned. For example, the first mortgage was made in January, 1888, and, by a common understanding between defendant and the mortgagee, the instrument was withheld from record until May, 1889, when (owing doubtless to the move of other creditors) the mortgage was filed for record. Defendant requested such conveyances be kept from the record for the obvious purpose of securing a financial standing to which he was not entitled; and the mortgages were placed on record in May, 1889, at defendant's request. This secret performance was clearly calculated to place the credit and solvency of defendant on a false basis, and to aid him, as it did, in imposing on this plaintiff and other creditors who gave defendant credit on the assumption that this property was unincumbered.

The suggestion made at the oral argument by defendant's counsel that before such conveyances could be stamped as fraudulent as to this defendant, it must also appear that the mortgagees *participated* in the defendant's fraudulent purpose, avails nothing in this matter of attachment against the defendant. Such doctrine can only be invoked in a suit to reclaim the property from the mortgagees. In this attachment proceeding the matter at issue is the fraud or good faith of the attached debtor. If he was guilty of the execution of fraudulent conveyances so as to hinder or delay his creditors, then attachment will lie under the seventh clause of section 321, of the attachment law, whether those to whom the property was conveyed were actuated

by good or bad motives, or whether or not they knew of, or participated in, the debtor's fraud.

The judgment in this case was clearly for the right party, and will be affirmed. All concur.