H. T. SIMON *et al.*, Appellants, v. R. H. NORTON, Garnishee of A. H. HOLCOMB, Respondent.

St. Louis Court of Appeals, January 30, 1894.

**Fraudulent Conveyances:** PROVISION FOR COUNSEL FEES. An insolvent debtor, who has preferred some of his creditors, has no right to provide for the payment out of his property of the counsel fees which may be incurred by the preferred creditors in the defense of the preference against the attacks of other creditors; and a conveyance made by him for that purpose is invalid as to the existing non-secured creditors.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Charles Martin* for appellants.

There was no evidence tending to prove that Holcomb, before this transfer, had ever agreed to pay, or was under any legal obligation to pay, attorney's fees for collecting these debts or securing or protecting his preferred creditors. It was a voluntary transfer founded upon a consideration which the law does not recognize as valuable, and was made in pursuance to an agreement which could not be enforced. Bump on

Fraudulent Conveyances, 222, 267; *Woodson v. Pool*, 19 Mo. 344; *Obermeier v. Treseler*, 19 Mo. App. 520; *Bank v. Price*, 41 Mo. App. 291. A conveyance is voluntary, if founded upon a consideration which the law will not enforce; and the only exception to this rule is when the debtor may elect to waive some statutory defense, as where, to avoid liability, he must plead the statute of frauds or of limitations. See note to *Hogeman v. Buchanan*, 14 Am. St. Rep. 739, 741; *King v. Moore*, 18 Pick. 376.

*George T. Dunn* for respondent.

Rombauer, P. J.—This is a proceeding of a garnishment on execution. Judgment was rendered in favor of the garnishee in the trial court, and the plaintiffs, who appeal, assign for error, that the court refused to give proper instructions which they requested, and that they are entitled to a judgment against the garnishee for some money under the conceded facts.

The facts as developed by the pleadings and evidence may be briefly stated as follows: The plaintiffs in April, 1888, recovered a judgment in Lincoln county against one Holcomb on his indebtedness to them existing prior to December, 1887, and caused the defendant to be summoned as garnishee of Holcomb on an execution issued on such judgment. Holcomb was admittedly insolvent since December, 1887. Prior to that time, but while insolvent, he executed three chattel mortgages or trust deeds, conveying to one Dunn all of his merchandise as security for the payment of some of his (Holcomb's) creditors. The garnishee was Holcomb's surety on the largest debt thus secured. In December, 1887, Holcomb transferred to the garnishee, by oral transfer and delivery,

his book accounts, under the agreement that the garnishee should collect such accounts, and out of the proceeds should pay any balance remaining unpaid to his (Holcomb's) secured creditors after exhausting the property conveyed by Holcomb to Dunn, and for the further purpose of securing to the garnishee a fee as attorney for collecting said accounts, *and protecting the interest of the sureties of said Holcomb on his indebtedness above mentioned; it being agreed by said Holcomb that said sureties should be at no expense in the matter.*

Upon the trial of this cause, it appeared that the garnishee had collected on such book accounts an amount of $762.20, and had paid out of this amount, on the balance due the secured creditors, $314. It also appeared that Holcomb owed him for drawing the three mortgages $15, and for services performed in collecting the accounts, an amount not less than $76 nor more than $114, leaving a balance of at least $319.20 in the hands of the garnishee. This balance the garnishee claimed a right to retain in payment of his services, as attorney, in defending the deeds of trust or mortgages, made by Holcomb to secure his *preferred creditors* and, incidentally, his sureties. There was evidence that other creditors of Holcomb had brought an action to declare these deeds, in effect, a general assignment of Holcomb for the benefit of *all his creditors,* and that, in defeating such action, the garnishee, as attorney of the secured creditors, had earned professional fees in excess of the amount of $319.20.

There was no evidence tending to show that any of the deeds of trust or mortgages given to Dunn for the benefit of the secured creditors provided for attorney's fees. The claim for attorney's fees by the garnishee rests exclusively upon the oral contract made between Holcomb and himself at the time when Holcomb assigned to him the book accounts.

This being all the evidence bearing upon the point under consideration, the plaintiffs asked a number of instructions to the effect that, if the court found the facts as hereinabove stated, the conveyance of the book accounts to the garnishee in payment of counsel's fees to be rendered to others was a mere voluntary conveyance, supported by no valuable consideration, and void as to the plaintiffs who were creditors of Holcomb at that date. These instructions were carefully drawn, and presented every hypothesis raised by the evidence. If they announced correct propositions of law, then the plaintiffs were entitled to judgment on the conceded facts, and not the defendant. To illustrate, we set out one of these instructions, which is as follows:

"Although the court may find from the evidence that, at the time of the assignment of the books of account by said Holcomb to said garnishee, the said Holcomb promised and agreed to and with said garnishee to pay him for services rendered, and to be rendered, for the benefit of the securities of said Holcomb and the beneficiaries in the deeds of trust and chattel mortgage mentioned in said garnishee's answer, and that said accounts were so assigned to said garnishee by said Holcomb for that purpose; yet, if the court further finds that said Holcomb was, at the time of making said promise and assignment, insolvent or in failing circumstances, and was indebted to the plaintiffs in the amount for which the judgment in the case was afterwards rendered in favor of the plaintiffs against said Holcomb, then said promise and assignment was voluntary and void as to the plaintiffs, and the court will find for the plaintiffs to the extent and to the amount of money said defendant has in his possession, collected from said accounts and held by him for that purpose."

It has always been the law of this state that a con-

veyance by an insolvent debtor, in order to be effectual against existing creditors, must be a conveyance supported by a subsisting *valuable* consideration, and that a mere moral or *good* consideration will not suffice. *Woodson v. Pool*, 19 Mo. 340; *Oberneir v. Treseler*, 19 Mo. App. 520; *Farmer's, etc., Bank v. Price*, 41 Mo. App. 291. In *Mathews v. Loth* (45 Mo. App. 455) we went so far as to hold that a concealment by a merchant of assets, retained for the purpose of defending attachment suits about to be brought against him, was a fraudulent concealment of his assets, so as to justify attachment proceedings on that ground. If we concede that an insolvent merchant in preferring his creditors may not only convey to them sufficient assets to secure their debts, but additional assets sufficient to defend these conveyances from attacks by other creditors, we remove even the slight safeguards that the law now provides for the unsecured creditor. Holcomb was under no legal obligation to pay the attorney's fees, either of his secured creditors or of his sureties, which they might thereafter incur in defending property which he had conveyed for their indemnity. The garnishee admits that he knew of Holcomb's insolvency, and he must, therefore, have known that his promise to pay for services to be rendered by the garnishee for the benefit of third parties could not be made good, against existing creditors, out of assets conveyed to secure such promise. The garnishee has his recourse against the parties for whose benefit the services were rendered.

We conclude that the plaintiffs' instructions were erroneously refused, and, as under the conceded facts the judgment for the defendant is unwarranted by the evidence, the judgment is reversed and the cause remanded. All concur.