H. T. SIMON, GREGORY & COMPANY, Respondents, v. R. H. NORTON, Garnishee, Appellant.

### Kansas City Court of Appeals, April 6, 1896.

1. **Garnishment:** RIGHTS OF PLAINTIFF: GARNISHEE'S OFFSET. A plaintiff in a garnishment occupied no better situation than the defendant in the execution, and the set-off good against the defendant is likewise good against the plaintiff.

2. ———: ———: ———. H. transferred his accounts to N. to be collected and to pay certain amounts to certain preferred creditors and the remainder to be paid to N. for legal services in defending the preferred creditors. Subsequently N. performed certain legal services for H. for which he was owing H. Plaintiff, an unsecured creditor of H., sued out an execution and garnisheed N. *Held,* that, though the transfer from H. to N. in so far as it secured the fees for defending preferred creditors, was without consideration, yet, N. was entitled to retain out of the proceeds in his hands sufficient to discharge H.'s indebtedness to him for subsequent legal services.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*Geo. T. Dunn* and *Turner, Hinton & Turner* for appellant.

(1) The garnishment was served upon R. H. Norton in this case on the twenty-third day of September, A. D. 1889, and it appears from the evidence that all the services rendered by R. H. Norton, garnishee, for said Holcomb, and for which he claims said Holcomb was indebted to him, were rendered prior to said twenty-third day of September, A. D. 1889. The evidence also shows that, after paying the deficiency on the secured indebtedness of $315,20, said Holcomb owed

this garnishee more money than he had collected on the accounts that had been assigned to him by Holcomb, and there is no charge or pretense of fraud on the part of R. H. Norton in the assignment of said books of account by A. H. Holcomb. We, therefore, contend that, if R. H. Norton had been sued by A. H. Holcomb for the money collected on the accounts, Norton could have successfully pleaded his set-off for what Holcomb was owing him in said suit. We, therefore, contend that Norton should have been entitled to the same defense in this garnishment proceeding that he would have had if he had been sued by the defendant, Holcomb, and that the judgment should have been for the garnishee. The case of *Firebaugh and James Brown v. Stone, Garnishee*, 36 Mo. 111 and 112, is on all fours with this case. *Weil and Weil v. Tyler & Co.*, 38 Mo. 545; *McDermott v. Donegan*, 44 Mo. 85; *Sheedy v. Bank*, 62 Mo. 17; *McPherson v. Railroad*, 66 Mo. 103; *Gregg v. Bank*, 80 Mo. 256; *Water Co. v. Harkness & Russell*, 49 Mo. App. 357; *Tent Company v. Bank*, 57 Mo. App. 19; *McQuarry v. Geyer*, 57 Mo. App. 213; *Johnson v. Publishing Co.*, 122 Mo. 102.

*Charles Martin* for respondent.

(1) Instructions numbered 1 and 3 contain correct propositions of law as applied to the facts shown in this case, that the holding of the money collected from the assigned accounts originated in an agreement between defendant and Holcomb which was in fraud of the right of creditors there can no longer be a question, since the decision of the St. Louis court of appeals in this case—and the rule announced on the authority cited by appellant, that the garnishing creditor can not recover of the garnishee where the debtor could not, is subject to the well defined exception that where the

garnishee is in possession of the effects of the debtor under a fraudulent transfer from the latter, he can not set up even a valid debt due him to defeat the garnishment. Drake on Attachments, secs. 458 and 688a; *Armstrong v. Tutte*, 34 Mo. 432. This exception is recognized by the St. Louis court of appeals in two of the cases cited by appellant. *Tent Co. v. Bank*, 57 Mo. App. 19–24, and *McQuarry v. Geyer*, 57 Mo. App. 213–219. (2) None of the cases cited by appellant are cases where the garnishee obtained the effects of the debtor by contract or arrangement which was fraudulent as to creditors. *Strauss v. Ayers*, 34 Mo. App. 248–255; *Ins. Co. v. Smith*, 117 Mo. 297.

GILL, J.—This suit originated in the circuit court of Lincoln county, where the issues between the plaintiffs and garnishee were tried and decided in favor of the latter. Plaintiffs appealed to the St. Louis court of appeals, where the cause was reversed and remanded. 56 Mo. App. 338. The purpose of the garnishment proceeding was to reach certain funds held by Norton, the garnishee, and which had been placed in his hands by Holcomb, the execution debtor, to protect certain secured creditors of Holcomb from attacks that might be made by his unsecured creditors. Holcomb was a merchant and indebted to various parties. He became insolvent and in December, 1887, conveyed his entire stock of goods to a portion of his creditors, to secure their claims. He further assigned his book accounts to the garnishee, Norton (who was an attorney), with instructions to collect, and out of the proceeds pay, *first*, whatever deficiency there might be to the full satisfaction of these preferred claims, and the balance Norton was to use in paying his (Norton's) attorney's fees, in defending such preferred creditors from suits that might be brought by other creditors to set aside

such preferences. In September, 1889, plaintiffs sued out an execution on their judgment against Holcomb and had Norton summoned as garnishee. He answered, admitting that Holcomb had turned over the accounts, and that he had collected thereon $762.30, but alleged that he had paid a part thereof to the secured creditors to make up the deficiencies on their claims, and that the balance, and more, was owing him (the garnishee) for legal services in defending the preferred creditors. Plaintiffs made the point that the insolvent debtor (Holcomb) could not use any of his assets in this manner, and that the conveyance of the accounts to the garnishee, to be used in paying attorney's fees of the preferred creditors, was void as to the plaintiffs and other unsecured creditors. In the Lincoln circuit court this point was decided against the plaintiffs. But, as already stated, the St. Louis court of appeals reversed the lower court, and held that such transfer by Holcomb to Norton, in so far as it provided for payment of fees of attorneys employed by such preferred creditors, was unsupported by any valuable consideration and void as to the plaintiffs.

After the cause had been remanded to Lincoln county, the garnishee amended his answer in which he set up (in addition to matters above stated) that the defendant Holcomb was, at the time of the garnishment, indebted to him in the sum of $500 for attorney's fees in defending said Holcomb from a criminal charge in the state of Iowa. In plaintiffs' denial these claims of the garnishee were put in issue. The venue of the cause was then, on plaintiffs' application, changed to Boone county; where, on a trial before the court, plaintiffs had judgment for $244.32, and the garnishee appealed.

It is the well settled rule that matters of law decided on the first appeal, will, when the cause is the

second time brought up before the appellate court, be considered as no longer open to dispute. We shall then assume, as was held by the St. Louis court of appeals, that the assignment of the accounts by Holcomb to Norton, in so far as such transfer was made to pay counsel fees incurred by Holcomb's preferred creditors, was void as to other creditors, because unsupported by a valid consideration. The question now is, whether or not the garnishee is entitled to set off his claim for attorney's fees in the Iowa litigation, and which accrued to him subsequently to the assignment but before the date of the garnishment.

The evidence in this behalf was somewhat conflicting. It is undisputed that about a year after Holcomb's failure and transfer of the accounts, and about a year before the garnishment, he was taken to Iowa to answer a criminal charge; that Norton, the garnishee, was engaged to go there and defend Holcomb; and that Norton performed the services and secured Holcomb's discharge. Norton testified that Holcomb agreed to pay him a conditional fee of $500, and that only a small part thereof was ever paid; while Holcomb testified that the sum to be paid was only $250, and which had been settled by the transfer of some notes, etc.

On this state of the evidence, the garnishee asked the court to declare the law as follows: "The court declares the law to be that the garnishee had the right to hold and apply any moneys collected by him on the account of the defendant, prior to the service of the garnishment herein, to any valid indebtedness due by said defendant to him prior to such service of garnishment. And if the court believes from the evidence that, prior to the service of the garnishment herein, the defendant in the execution was indebted to the garnishee for professional services rendered to an amount

equal to or greater than the amount collected by the garnishee on the account of the defendant, then the finding and verdict will be for the garnishee."

This instruction was refused, but the court, at plaintiffs' request, gave the following: "1. If the court believe that at the time Holcomb employed defendant (garnishee) to procure his release from arrest in Iowa, that said defendant (garnishee) was holding the book of accounts, and money collected thereon, as payment for his services to the preferred creditors of said Holcomb, and there was no agreement between said Holcomb and defendant (garnishee) that said book of accounts and cash collected thereon should be used in payment of the services rendered said Holcomb in said Iowa matter, then said defendant (garnishee) can not be allowed or paid for his services in said Iowa matter out of said book of accounts or collections thereon."

From the court's action in refusing the first and giving the second of the above quoted instructions, it is clear that the case was tried and decided on the theory that, because the accounts were transferred to the garnishee to be collected and the proceeds used in defending the interests of the preferred creditors (and which the court held furnished no valid consideration for the transfer), the garnishee was not entitled to use and appropriate such funds to the payment of the services in Iowa, which was a just and valid claim the garnishee had against the defendant Holcomb. This, in our opinion, was error. Conceding the invalidity of the transfer of the accounts to protect the interests of the preferred creditors, and then we have the garnishee holding the funds of the defendant Holcomb and at the same time holding an individual claim against Holcomb, in excess of the amount of such collections. This would entitle Norton, the garnishee, to a right of

set-off, as against any claim by defendant, Holcomb. And as these plaintiffs can occupy no better situation than the defendant in the execution, the set-off is likewise good against them. "The rights of a garnishee will never be disturbed by the garnishment. Whatever claim he may have against a defendant, and of which he might avail himself by set-off, in an action between them, will be equally efficient when invoked by him on a proceeding by garnishment." *Firebaugh v. Stone*, 36 Mo. 111, and authorities cited. The case just cited is decisive of this. There the garnishee took the goods under an assignment, which was declared void as against creditors, but he was allowed to set-off an individual claim he had against the defendant.

Judgment reversed and cause remanded. All concur.