## INDEPENDENT PACKING COMPANY, Respondent, v. O'KEEFE, Administrator of Estate of BARTH, Deceased, Appellant.

### St. Louis Court of Appeals, January 7, 1908.

1. FRAUDULENT CONVEYANCES: Mortgages: Beneficiaries not Named: Sum Secured not Mentioned. A chattel mortgage whereby the mortgagor conveyed all his fixtures and stock in a saloon and butcher shop to a certain trustee for the benefit of a creditor, naming him, and "other creditors," the other creditors not being named, nor the sum secured to any creditor stated, was fraudulent and void as to an attaching creditor.

2. ———: ———: Merchandise Controlled by Mortgagor. Where such mortgage provided that the mortgagor should "retain possession of the said property' with the full enjoyment of the same," it was fraudulent and void for that reason, because it gave the mortgagor the power to sell his liquors in the regular course of business and appropriate the proceeds.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED AND REMANDED.

*James P. Maginn* and *D. J. O'Keefe* for appellant.

*H. M. Wilcox* and *Henry B. Davis* for respondent.

BLAND, P. J.—The action was by attachment commenced before a justice of the peace and in due course was appealed to the circuit court. The grounds alleged

in the affidavit for the attachment are as follows: "Defendant has fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors. That he has fraudulently concealed, removed or disposed of his property or effects so as to hinder or delay his creditors. That he is about to fraudulently convey or assign his property or effects so as to hinder or delay his creditors. That he is about fraudulently to conceal, remove or dispose of his property or effects so as to hinder or delay his creditors." A plea in abatement was filed by defendant and the issues raised by it in the circuit court were tried by a jury who found for defendant. Plaintiff filed a motion for new trial on the plea in abatement which the court sustained, and granted a new trial; from this order defendant appealed. To sustain the attachment, plaintiff offered in evidence, the following chattel mortgage:

"This deed, made and entered into this twenty-third day of March, 1904, by and between Edward P. Barth and —— Barth, his wife, of the city of St. Louis and State of Missouri, party of the first part, and D. J. O'Keefe of the city of St. Louis and State of Missouri, party of the second part, and Lynch & Co., and other creditors of the city of St. Louis and State of Missouri, party of the third part. Witnesseth: That the said party of the first part, in consideration of the sum of one dollar to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, and of the debt and trust hereinafter created, does by these presents grant, bargain, sell and convey unto the said party of the second part the following described personal property and effects located: Store and saloon at No. 2745 Cass avenue, St. Louis, as follows, to-wit: One stock butcher box, one butcher counter, one butcher rack, two meat blocks, two small meat racks, three butcher cleavers, three butcher knives, two meat

saws, one steel, one sausage machine, one sorrel mare, one set single harness, one delivery wagon, one platform counter scale, one counter scale, one Enterprise coffee mill, one butter box, one grocery counter, all wall fixtures, one gas stove, one hot water tank, two electric fans, one gasoline stove, one cash register, two money drawers, an assortment of bar glassware, all faucets, measures, casks, barrels and receptacles of every description in barroom, one arc electric lamp, two oil tanks, one candy case, six tea cans, four coffe cans, two paper cutters and all other fixtures, receptacles and utensils not herein specifically mentioned, located at above address, all wines, liquors and cigars in stock in barroom and cellar and all groceries, can goods of every description in stock in grocery store at above address. To have and to hold unto the said party of the second part and his successors in this trust forever. In trust, however, for the following reasons, to-wit: Whereas, the said party of the first part is indebted to the said Lynch & Co., and others, party of the third part, in the sum of three hundred and fifty and xx-100 dollars for value received, payable on demand. Now if said debt shall be well and truly paid when due and payable, then this deed shall be void and of no effect, and shall be released at the expense of the said party of the first part. But if said debt, or any part thereof, shall not be paid when due, according to the true effect and tenor thereof, then this deed shall remain in full force, and the said party of the second part or his successor—or in case of his death, absence from the State, or refusal or disability to act—the sheriff of the city of St. Louis shall, at the request of the holder of said debt, take possession of the property hereby conveyed and described, and for that purpose authority is given to enter upon the premises of the said party of the first part or any other place where the property may at the time be, and proceed to sell the same at public venue to the highest

bidder for cash, at city of St. Louis, first giving a reasonable number of days notice of the time, place and terms of sale, in some newspaper printed at the city of St. Louis and State of Missouri, and out of the proceeds shall pay, first, the cost and expense of executing this trust, including reasonable compensation to said trustee for his services; second, the amount or amounts, both principal and interest, due and unpaid of said debt, and the remainder, if any, he shall pay over to the said party of the first part or his legal representatives or assigns. And until default be made as aforesaid, said party of the first part shall retain possession of the aforesaid property with full enjoyment of same, but said property shall not be removed from the place where it now is without the consent in writing of the said third party. In Witness Whereof, said party of the first part has hereunto set his hand the day and year first above written."

The mortgage was duly acknowledged and recorded. The learned trial judge sustained the motion for new trial, for the reason he was of opinion he should have instructed the jury that the mortgage, as to creditors of defendant, was fraudulent and have directed the jury to return a verdict for plaintiff. We concur in this view. Lynch & Company and other creditors are named in the mortgage as beneficiaries. It does not appear from the mortgage who the other creditors are, nor is the sum due any one creditor stated, so that an attaching creditor could not determine from the face of the mortgage, to whom, or what sum of money should be paid defendant's creditors to secure a release of the property mortgaged, as he would have a right to do. For this reason and because the creditors to be secured beside Lynch & Company are left to the selection of the trustee, the mortgage had the effect to hinder and delay creditors and, as to them, is fraudulent. [Seger's Sons v. Thomas Bros., 107 Mo. 635, 18 S. W. 33; Jones

on Chattel Mortgages, sec. 79.]    It is also fraudulent as to creditors for the following reason: Saloon fixtures and liquors are conveyed by the mortgage, yet in the last clause of the instrument it is provided that the mortgagor "shall retain possession of the aforesaid property with full enjoyment of same, but said property shall not be removed from the place where it now is without the consent in writing of the said third party." Defendant testified that at the time he executed the mortgage, he was engaged in the retail butcher, grocery and saloon business.    On this evidence, it is clear he was given permission to sell the liquors described in the mortgage over his bar and pocket the proceeds, and was allowed to use all the other property conveyed in his business.

The judgment is affirmed and the cause remanded. All concur.