FREDERICK KAHMKE, Appellant, v. ANTON
WEBER, Respondent.

### St. Louis Court of Appeals, February 2, 1915.

1. **ATTACHMENT: Interpleas: Order of Trial.** The interplea
authorized by Sec. 2345, R. S. 1909, is to be tried and disposed
of before the issues arising between the original parties on
the affidavit in attachment and plea in abatement are tried.

2. **FRAUDULENT CONVEYANCES: Chattel Mortgages: Convey-
ance to Use of Mortgagor.** A chattel mortgage executed by an
insolvent on his stock of merchandise, which permits him to
continue in possession and conduct the business and sell the
merchandise without accounting for the proceeds, unless there
is a sale of the stock as a whole, is fraudulent as against cred-
itors, as a matter of law, under Sec. 2880, R. S. 1909.

3. **ATTACHMENT: Establishing Only One Ground: Sufficiency.**
The sustaining of one of several grounds of attachment set out
in the affidavit is sufficient.

Appeal from Perry Circuit Court.—*Hon. Peter H.
Huck,* Judge.

REVERSED AND REMANDED.

*John V. Noell* and *Charles P. Noell* for appellant.

(1) When it appears from the face of a deed or
mortgage that there is a trust or reservation of use
to the grantor, the court as a matter of law, will declare
such deed void as against creditors. Zeigler v. Maddox,
26 Mo. 575; Bump on Fraudulent Conveyances, (4 Ed.),
secs. 25, 26, 172 and 174; Mitchell v. Beal, 8 Yerg. 134;
Ashurst v. Martin, 9 Port. 566; Young v. Bore, 11 Ind.
347; Johnson v. Thweat, 18 Ala. 741; Bigelow v.
Stinger, 40 Mo. 195; Harmon v. Hoskins, 56 Miss. 142;
Bulger v. Rosa, 119 N. Y. 459; Packing Co. v. O'Keefe,
128 Mo. App. 592.

*M. A. Dempsey* and *Killian & Bond* for inter-
pleaders.

NORTONI, J.—This is a suit by attachment. The
finding aud judgment were for defendant and plaintiff
prosecutes the appeal.

The subject-matter levied upon under the writ of
attachment is a stock of wines, liquors, cigars and other
goods and supplies in a saloon or dramshop situate in
Perryville. The suit was instituted on the seventeenth
day of January, 1911. It appears that ten days before
the institution of the suit—that is, on January 7—de-
fendant executed a chattel mortgage on the stock of
goods involved to Theodore Guemmer, Jos. R. Cissell
and Fritz Behrle, to secure a promissory note for $360.
The mortgage provides, among other things, that the
defendant mortgagor should continue in possession of
the stock of goods until default, when the property
might be sold according to the power for that purpose
conferred in the instrument. Among other things, the
mortgage provides, too, that the mortgagor "may con-
tinue to use and sell said stock of goods, and if the same
is sold privately, as a whole, the proceeds are to be
applied in payment of the hereinafter described note."

On January 16, 1911—that is, the day before the
institution of the suit—defendant also executed a bill
of sale whereby he conveyed, or attempted to convey,
to one Otto Hanny the entire stock of goods, consist-
ing of wines, liquors, cigars, etc., in the saloon, in con-
sideration of one dollar, and it is said that Hanny was
given possession of the property before the suit was
instituted. Otto Hanny was the sales agent at the time
of the Cape Brewery & Ice Company and it appears de-
fendant was indebted to that concern in the sum of sev-
eral hundred dollars, but this fact is not mentioned in
the bill of sale, neither is the brewery company.

The grounds of the attachment set forth in the af-
fidavit are, "That the defendant has fraudulently con-

veyed and assigned his property and effects, so as to hinder and delay his creditors; that the defendant has fraudulently concealed, removed and disposed of his property and effects so as to hinder and delay his creditors; that the defendant is about fraudulently to convey and assign his property and effects, so as to hinder and delay his creditors; and that the defendant is about fraudulently to conceal, remove and dispose of his property and effects, so as to hinder and delay his creditors.''

The defendant interposed a plea in abatement to the grounds of attachment thus stated, on April 10, 1911, and thereafter, during the same term of the court, on April 15, Theodore Guemmer, Jos. R. Cissell and Fritz Behrle, the mortgagees in the chattel mortgage above referred to, filed their interplea in the cause, claiming the property attached under their chattel mortgage. On the same day, April 15, 1911, the Cape Brewery & Ice Company and Otto Hanny were allowed time in vacation to file their interplea, claiming the same property under the bill of sale to Otto Hanny. Thereafter, on September 14, the Cape Brewery & Ice Company and Hanny filed their interplea in the case according to the leave theretofore granted. Plaintiff pleaded in due time to both of the interpleas above mentioned.

On October 10, 1911, the case came on for hearing and the plaintiff. answered ready for trial on either or both of the interpleas above referred to, but the court denied his request, and required the issue between plaintiff and defendant on the affidavit in attachment and the plea in abatement to be first tried. To this course of proceeding plaintiff objected and excepted and insisted on his right to first contest the issue with the interpleaders.

It is urged the court erred in requiring plaintiff to proceed to try the issue on the affidavit in attachment and the plea in abatement in advance of those arising

on the interpleas. The statute (section 2345, R. S. 1909) provides that any person claiming property attached may interplead in the cause and issues may be made upon such interplea, and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay. There can be no doubt that, according to the practice which obtains in this jurisdiction, the issue on the interplea is to be first tried and disposed of, before those arising on the affidavit in attachment and the plea in abatement between the original parties to the suit. Such has been expressly decided several times, as will appear by reference to Brownwell, etc. Co. v. Barnard, 139 Mo. 142, 40 S. W. 762; Bradley, etc. Mfg. Co. v. Bean, 20 Mo App. 111, 119. [See also Ladd v. Couzins, 35 Mo. 513.] The proceeding in the instant case was highly irregular, to say the least, though it may be that, in and of itself, it would not constitute reversible error. It is unnecessary to determine this question, for in another view of the case the judgment cannot be sustained.

The court refused to instruct, at the instance of plaintiff, that the chattel mortgage executed by defendant on his property to Guemmer, Cissell and Behrle ten days before the institution of the suit was fraudulent as to defendant's creditors, and submitted the matter of the intention of the parties with respect thereto—that is, the intention of the defendant and the interpleaders under the mortgage—to the jury for an ascertainment of fact. This was error, for the chattel mortgage appears on its face to be a fraudulent conveyance under our statute (section 2880, R. S. 1909), in that it appears to contain a reservation to the use of the mortgagor. One of the grounds of the attachment above set forth is, that the defendant has fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors. The evidence is, that defendant was insolvent at the time and his creditors were pressing him for settlement. In these circumstances, he exe-

cuted the chattel mortgage on his stock of wines, liquors, cigars, cash register, etc., in his dramshop, only ten days before the institution of this suit. By the terms of the mortgage, defendant was permitted to remain in possession of the dramshop and conduct it as usual. The mortgage recites on its face that it "is expressly understood by the parties hereto, that the party of the first part [defendant mortgagor] may continue to use and sell said stock of goods, and if the same is sold privately, as a whole, the proceeds are to be applied in payment of the hereinafter described note." There is no provision in the mortgage that any part of the funds taken in while the business was thus conducted by the mortgagor should be accounted for to the mortgagees. Moreover, defendant testified that it was agreed he should continue in possession of the dramshop, sell the goods as before and use the income from the business in supporting his family and otherwise, identically as he had done before the mortgage was given. Such a mortgage, it has been frequently decided, is a conveyance in fraud of creditors and so declared as a matter of law. [See Independent Packing Co. v. O'Keefe, 128 Mo. App. 592, 106 S. W. 1121; Lodge v. Samuels, 50 Mo. 204; Goddard v. Jones, 78 Mo. 518; Zeigler v. Maddox, 26 Mo. 575; White v. Graves, 68 Mo. 218, 223; Kuh v. Garvin, 125 Mo. 547, 28 S. W. 847; Rock Island Nat'l Bank v. Powers, 134 Mo. 432, 34 S. W. 869, 35 S. W. 1132. See, also, Bigelow v. Stringer, 40 Mo. 195.] It is sufficient, of course, if one ground of the attachment alone is sustained by the proof, and such is the case here beyond question. [See Farmers' etc. Bank v. Price, 41 Mo. App. 291.]

It is unnecessary to consider the matter of Hanny's bill of sale at this time, for the issues with respect to it arise on the interplea of the Cape Brewey & Ice Comand Hanny, which has not thus far been tried.

Because the chattel mortgage above referred to is fraudulent on its face and as a matter of law, the judg-

ment should be reversced and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.