Coggshall v. Munger.

---

W. H. Coggshall, Plaintiff in Error, v. Orin L. Munger, Defendant in Error.

St. Louis Court of Appeals, May 23, 1893.

1. **Transfer of Partnership Property to one Partner: RIGHT OF ACTION AT LAW BY TRANSFEREE.** One who has purchased the interest of his co-partner in personal property of the co-partnership, which is subsequently levied upon under legal process against the vendor, may recover the property in an action at law from the officer making the levy.

2. **Levy of Interest of Partner in Personalty:** RIGHT OF REPLEVIN BY OTHER PARTNERS. *Held,* in the course of discussion, that the interest of a partner in the assets of the co-partnership may be levied upon under process for the collection of his individual indebtedness, but that his co-partners may have the value of this interest ascertained in an action of replevin for the property levied upon, and may retain the property upon the payment of its value as thus determined.

3. **Practice, Appellate:** PROCEEDING ON THEORY NOT RAISED IN TRIAL COURT. A judgment of non-suit cannot on appeal therefrom be sustained on the ground that the plaintiff failed to file a reply to affirmative defenses, when no advantage was claimed on that ground in the trial court.

*Error to the Carter Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*L. O. Nieder,* for plaintiff in error.

*James Orchard, J. H. Winningham* and *Olden & Orr,* for defendant in error.

BOND, J.—The plaintiff filed the following petition in the circuit court of Carter county:

"W. H. Coggshall, Plaintiff,  
        *v.*  
"Orin L. Munger, Defendant.  
     In the Circuit Court, April Term, 1891.

"Plaintiff for cause of action states that on and prior to the sixth day of December, 1890, plaintiff and one L. W. Keen were co-partners in trade and doing business in the county of Carter under the firm name and style of the Keen & Coggshall Lumber Company. That as such co-partnership the plaintiff with the said L. W. Keen became indebted to divers persons in large sums, to-wit, in the sum of $2,000, and that said co-partnership was possessed of the following described personal property, to-wit: A stock of general merchandise at their place of business of what is known

as Hoagland Mill, in the county of Carter. That said stock of general merchandise is of the value of $400, and was also possessed of three yoke of work oxen of the value of $150, and one log wagon of the value of $50, one ferry boat and wire cable of the value of $100, and one single story box house on the right of way of the Current River railroad at what is known as Keen's ferry of the value of $50. That afterwards, to-wit, on the eighth day of December, 1890, the said L. W. Keen became insolvent in business at the county of Shannon in said state of Missouri; that afterwards, to-wit, on the —— day of December, 1890, the said L. W. Keen conveyed and assigned to this plaintiff all his right, title and interest in and to the above described personal property for the purpose of payment of the indebtedness of said co-partnership as above set forth.

"Plaintiff further states that defendant is the sheriff of Carter county, Missouri, and as such wrongfully took and now wrongfully detains the possession of said property from this plaintiff; that by reason of the wrongful taking and detention of said property he is damaged in the sum of $500. Wherefore by reason of the facts plaintiff prays judgment for the possession of said property and $500 for his damages, and that an elisor be appointed in some suitable person to serve the process of the court.

"W. H. COGGSHALL,

by L. O. NIEDER, his attorney."

The defendant's amended answer to the above petition admitted that he, as sheriff of Carter county, held the goods described in plaintiff's petition under various writs of attachment which he had levied thereon on December 13, 1890, for the purpose of subjecting the one half interest of L. W. Keen therein to the payment of the amounts for which the writs of attachment were issued against him. He

denied that the partnership (Keen & Coggshall Lumber Co.) were indebted in the sum of $2,000 to any other than members of the firm; averred that said firm was largely indebted to L. W. Keen when he became insolvent, and when this suit was brought; denied that the sale by Keen of his interest in the co-partnership was in good faith, and averred that same was fraudulent and for the purpose of defrauding his creditors who had secured the attachment writs in the hands of the sheriff; and denied that the property was wrongfully taken and detained, and asked judgment for its return.

Upon the calling of the case for trial, a jury was selected, the petition read, and a statement made of the substance of defendant's answer. Thereupon after a witness for plaintiff was sworn the court refused to permit any evidence to be introduced, on the ground that it had no jurisdiction of the matters alleged in the petition in an action at law. The plaintiff duly excepted to this ruling, and has preserved such exception as his assignment of error to this court.

The only question to be solved is whether or not the trial court erred in sustaining the objection made by defendant to the introduction of evidence under the foregoing pleadings. The proposition urged in the defendant's brief, that a member of a co-partnership after its dissolution by bankruptcy or death has the right by proceeding in equity to compel the appropriation of the partnership assets to the partnership indebtedness, may be safely affirmed as a correct statement of the law. *Level v. Farris*, 24 Mo. App. 445, 448; 3 Pomeroy's Equity, sec. 1243.

We fail to see how jurisdiction vested in equity to enforce what is termed a ''partner's lien'' for the benefit of firm creditors, or a general accounting before settlement between the partners themselves, could warrant the action of the trial court in excluding

testimony on the ground that it had no jurisdiction at law under the facts stated in the petition above quoted. The petition set out by sufficient general implication (*Keen v. Munger*, 52 Mo. App. 660) a cause of action arising from the purchase by one of two partners of the interest of the other in the firm assets, and the wrongful seizure and detention of such interest by the defendant as sheriff, and a demand for judgment for the possession of the property and damages for its detention.

The answer to the petition justified the seizure by alleging the levy of writs of attachment in the hands of defendant as sheriff and against the retiring partner on his interest in the goods described in the petition, and averred the want of consideration and fraud in the contract of purchase set forth in the petition. That the sheriff was entitled to levy the writ of attachment in his hands, issued for the private debt of one of the partners, on whatever interest or right the defendant in the writ had in the assets of the firm of which he was member, is expressly decided in *Wiles v. Maddox*, 26 Mo. 77. That the solvent member of the firm might replevy the attached property, and cause the interest of the defendant in the attachment therein to be ascertained in the replevin suit, and might thereafter pay and satisfy the value of his interest and retain possession of the property is the law of this state. *Gillham v. Kerone*, 45 Mo. 487; *Rapp v. Vogel*, 45 Mo. 524; *Dilworth v. McKelvy*, 30 Mo. 149; *Hickman v. Dill*, 32 Mo. App. 509, 519.

Under the doctrine of the foregoing cases the appellant might have maintained an action of replevin against the sheriff, as the seizor of the firm assets, under process against one of its members for the purpose of having an admeasurement in that action of the value of the interest levied upon.

In the case at bar the petition shows that the defendant in the attachments had sold out his interest to the plaintiff, and had no ownership whatever in the firm assets seized by the sheriff. These facts were put in issue by the answer. The plaintiff was clearly entitled to offer proofs on the issues thus accepted, and the court erred in holding they presented matters not cognizable under the pleadings in this cause.

In support of the action of the court in refusing to permit the plaintiff to introduce any evidence, it is now urged that there was no reply to the defendant's amended answer. The specific and only objection made to the introduction of evidence was that the issues involved could only be adjudicated by a court of equity. There was not the least intimation that the objection was based on the failure of the plaintiff to file a reply. Having failed to specifically call the attention of the court to the absence of a reply, the defendant will not be allowed now to profit by the omissions or oversight of the plaintiff's counsel. *Hall v. Water Co.*, 48 Mo. App. 356; *Thompson v. Wooldridge*, 102 Mo. 510.

The judgment is reversed, and the cause remanded for trial in conformity herewith. Judge BIGGS concurs. Judge ROMBAUER is absent.