STATE OF MISSOURI to use of J. W. JAMISON, Respondent, v. C. FINK et al., Appellants.

St. Louis Court of Appeals, April 17, 1894.

**Attachment:** RIGHTS OF SUCCESSFUL INTERPLEADER: ACTION ON ATTACHMENT BOND. A successful interpleader in an action by attachment is immediately entitled to the proceeds of the property adjudged to belong to him, if it has been sold by order of the court; and, if these proceeds are in the hands of the sheriff, though no order for their payment has been made, the interpleader can not, in so far as they will satisfy his claims, maintain an action for damages on the attachment bond.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*George Robertson* for appellants.

*P. H. Cullen* and *W. W. Fry* for respondent.

ROMBAUER, P. J.—The action is upon an attachment bond by a successful interpleader against the plaintiff in the attachment suit and his sureties. The attachment was levied November 24, 1890, and the interplea was filed December 8, 1890. The interpleader claimed title to the goods attached under a chattel mortgage, securing the payment of a note executed by the defendant in the attachment, which note bore date November 22, 1890, and is payable one day after date, with eight per cent. compound interest per

annum. During the pendency of the attachment suit, the goods were sold by the sheriff, and realized $354.87. That amount, as far as the evidence shows, is still in the hands of the sheriff.

The interpleader recovered judgment in the attachment suit on June 4, 1891. The judgment entry in that suit recites that Jamison, the interpleader, recover of Fink & Nasse, the plaintiffs in the attachment, the property described in the complaint of said interpleader and costs. This entry ignored the fact that the goods had been sold in the *interim*, and it made no order that the proceeds be paid to the interpleader, as it should have done. *Hewson v. Tootle*, 72 Mo. 632; *Nelson Distilling Co. v. Hubbard*, 53 Mo. App. 23. This omission has given rise to all subsequent compli-cations in the case.

From the above judgment in favor of the inter-pleader the plaintiffs in the attachment appealed to the Kansas City court of appeals, and that court affirmed the judgment *(Fink & Nasse v. Pike*, 50 Mo. App. 564), and issued its mandate to the Audrain circuit court June 13, 1892. Upon the receipt of this man-date, the sheriff tendered to the interpleader the amount in his hands, which, as a simple computation shows, was more than sufficient to pay the entire claim of the interpleader. On January 1, 1893, when the term of office of the sheriff expired, that officer again tendered the amount to the interpleader. The inter-pleader refused to receive the amount from the sheriff on both occasions.

Upon the trial of the case at bar, the above facts appearing, the defendants asked the court to declare that, under the pleadings and the evidence, the plain-tiff can not recover for the value of the goods, or any part thereof, for which he obtained a judgment in the case wherein he was interpleader for said goods; also

that, if the court found that the sheriff offered the plaintiff the money for said goods when sold, then the plaintiff was not entitled to recover interest on the value of said goods, or any part thereof, after the time such money was offered.  The court refused to give these instructions, and the defendant excepted and still excepts.  Upon its own motion, the court declared the law to be that the plaintiff's measure of damages was the value of the plaintiff's interest in the goods under said mortgage, with six per cent. interest thereon from the date of the levy of the attachment;  to which instruction the defendants objected and excepted, and still except.

The court thereupon rendered judgment for the plaintiff, presumably in conformity with its view of the law as declared by its instruction.  This action of the court is assigned for error.

Under the rule established by the cases hereinabove cited, the title to the proceeds of the goods sold in the attachment proceedings upon final judgment rendered in favor of the interpleader at once vested in him.  The fact that the court made no order upon the sheriff to pay the money over to the interpleader is immaterial, since the sheriff offered to pay the money over to him without such order, and, in fact, was bound to do so, as by the judgment the interpleader became entitled to the money.  Had the sheriff refused to pay the money over to him, the interpleader could have obtained such an order at any time.  As the sheriff voluntarily agreed to pay the money, such order was unnecessary.  There is no pretense that, after the final judgment in the cause, the plaintiffs in the attachment laid any claim to the money in the sheriff's hands, and we are not aware of any law which would lead to the absurd result of giving a plaintiff in an interpleader proceeding, first, the property interpleaded

for, or its proceeds, and then an additional action on the attachment bond against the plaintiff and his sureties for the money and its interest. Had the proceeds of the property been less than the interpleader's claim, then he might, under *Clark v. Brott*, 71 Mo. 473, have maintained his action on the bond for the difference in value of the goods and proceeds realized by their sale.

For other damages caused to the interpleader by the attachment he still has his remedy on the attachment bond. Such damages were also included· in the judgment rendered for the interpleader in this action. Touching these no complaint is made. ·

The judgment is reversed and the cause remanded to be proceeded with in conformity with this·opinion.