St. Louis Brewing Association, Excelsior Branch, Appellant, v. George Drulinger, Defendant; Andrew Lohr Bottling Company, Interpleader, Respondent.

### St. Louis Court of Appeals, May 14, 1895.

1. **Attachment**: SUCCESSFUL INTERPLEA FOR PART OF ATTACHED PROPERTY: APPORTIONMENT OF PROCEEDS OF SALE. When an interplea in attachment proceedings is sustained as to a part of the attached property after the whole of it has been sold as perishable under the statute, the court may ascertain from the return of the sheriff and other evidence the amount realized on such sale for the property adjudged to belong to the interpleader, and order the payment thereof to him.

2. ———: ———: ———: PRACTICE, APPELLATE. The attaching plaintiff is not in a position, on appeal from such order, to complain that the amount so ordered to be paid is excessive, if he has not called the attention of the trial court thereto.

*Appeal from the Scott Circuit Court.*—Hon. Henry Riley, Judge.

Affirmed.

*Theodore Rassieur* for appellant.

(1) The possession of interpleader was not actual, notorious, exclusive, and continued, as required under the law: *Claflin v. Rosenberg*, 42 Mo. 449; *Burgert v. Borchert*, 59 Mo. 80. (2) The court erred in giving the instructions set forth in the statement. The court therein presumed that there was a sufficient delivery, although this was one of the issues in the case. *Burgert v. Borchert*, 59 Mo. 80, 84. (3) The court erred in admitting in evidence the sheriff's report on the order of sale, and the testimony of the sheriff as to the

amount realized at the sale. *Hewson v. Tootle*, 72 Mo. 632; *Mills v. Thompson*, 61 Mo. 415; *Rindskoff v. Rogers*, 34 Mo. App. 126; *Nelson Distilling Co. v. Hubbard*, 53 Mo. App. 23.

*James V. Conran* for respondent.

(1) The possession of the interpleader was as open and notorious as required by law. *Alger v. Walts*, 24 Mo. App. 134; *Dyer v. Dalsy*, 40 Mo. App. 559; *Leiser v. Boekoff*, 33 Mo. App. 223; *Tony v. Goodly*, 57 Mo. App. 235. (2) The court, in giving the instructions excepted to by the plaintiff, has committed no error. *Heidman Benoist Saddlery Co. v. Urner*, 24 Mo. App. 534; *Schroeder v. Mason*, 25 Mo. App. 190; *Mayberg v. Jacobs*, 40 Mo. App. 128; *Morgan v. Wood*, 38 Mo. App. 255. (3) The admission by the court of the sheriff's report on the order of sale, and of the testimony of the sheriff as to the amount realized at the sale, was not error. How could the court otherwise determine the amount due interpleader from the proceeds of the sheriff's sale then in the hands of the sheriff? *Nelson Distilling Co. v. Hubbard*, 53 Mo. App. 23; *Springfield v. Glazier*, 55 Mo. App. 95; *Williams v. Braden*, 57 Mo. App. 317; *S. Albert Grocery Co. v. Goetz*, 57 Mo. App. 8.

BOND, J.—Plaintiff brought an attachment suit against defendant for $776.50. The writ was levied at 12:25 A. M. of October 30, 1893. On December 22, 1893, the property was sold as perishable by order of court. On March 2, 1894, the Andrew Lohr Bottling Company filed an interplea, claiming title to the goods described therein (which had been seized under the attachment writ) under a bill of sale made by the defendant. Plaintiff answered the interplea, charging

that the sale relied upon therein was made to defeat the creditors of the vendor, and that the interpleader participated in such purpose. The interpleader replied denying all fraud, and averring that the property was bought only in part payment of an indebtedness then due. After change of venue to Scott county, a trial was had and a verdict rendered in favor of the interpleader for all the property, except eighty-three cases of beer, which the jury found was the property of the plaintiff. Thereupon the court made a finding "that the property claimed by the interpleader" had been sold for $603.15; that the eighty-three cases of beer were sold for $179.40, and, after deducting the latter amount from the former, ordered the remainder to be paid over to the interpleader. Plaintiff appealed and assigns for error, *first*, that the verdict is opposed to the uncontroverted evidence showing that the interpleader participated in the fraud of the defendant; *second*, that the interpleader did not take possession of the property.

The record does not sustain these positions. It appears from the testimony of Hancock, the agent who purchased the goods for the interpleader, that in response to a telegram he met the defendant on Sunday, October 29, 1893, at Bird's Point, Missouri; that they traveled together to New Madrid, the location of defendant's place of business; that defendant proffered to sell to the interpleader the goods claimed in part payment of his indebtedness amounting to $1,085; that a bill of sale was prepared describing the goods and itemizing the price at which they should be taken, and was executed in the presence of witnesses about fifteen minutes after 12 o'clock A. M., October 30, 1893, at which time it was signed by defendant in the presence of two witnesses and delivered to said Hancock, and the goods therein conveyed were separately pointed out and turned over to him, together with the keys to the

store where they were contained; that he took full possession of said goods and storehouse, and arranged with one Jackson to take charge and possession for him until he could return to Cairo, where his principals did business, and make some disposition of said goods. About a quarter of an hour after this was done, the sheriff came to the place with a writ of attachment. He was met by said Hancock, who informed him of the purchase and transfer of said store and its contents which had been made to the interpleader. The sheriff, however, made a levy under the said writ, and, said Hancock refusing to turn over the goods, the store was nailed up. The agent further testified that his sole purpose in the transaction was to get payment of the debt due his principal; that the amount of goods purchased were taken at full and fair prices, and aggregated less than the sum due interpleader by the defendant; that, while he had been informed that the defendant was indebted to other creditors and that a writ of attachment had been issued in favor of the plaintiff, his only object in purchasing the goods for the interpleader was to secure, as far as possible, its claim against the defendant; that, beyond this, he did not participate in or know of any purpose entertained as to his other creditors; that, at the prices allowed for the goods bought by him, $1,023 of interpleader's claim against the defendant was paid, leaving a balance still due of about $62.

Aside from this testimony negativing participation, by interpleader or its agent, in any intention of defendant to defraud his creditors, an examination of the entire record discloses little, if any, substantial evidence connecting the interpleader with any purpose to defraud which the defendant might have had. It is clear, therefore, that there was evidence to sustain the verdict of the jury on the issues as to fraud and possession,

and the first and second assignments of error are accordingly overruled.

The next assignment of error complains that the instructions given for interpleader did not submit to the jury the question as to whether there had been a delivery of the goods at the time of the purchase by interpleader. The court might have assumed from the uncontradicted evidence in the record that actual possession was taken of the goods at the time of the execution of the bill of sale and prior to the levy of the writ of attachment, and, if so, these instructions can be supported on that ground. The court, however, upon request of the plaintiff charged the jury, in addition, as follows:

"The court instructs you that, although a bill of sale may have been made and delivered to the Andrew Lohr Bottling Company by Drulinger, yet such bill of sale and delivery of such bill does not in law constitute such sale, but it must be further shown that said Drulinger turned over the actual exclusive control and possession of said goods to interpleader before the levy of the writ."

The jury, therefore, were fully instructed as to the requirements of a valid sale in this class of cases.

Neither was there any materiality in the inquiry excluded by the court, as to whether or not, after the sale by defendant to interpleader, it shipped him other goods. The whole evidence shows that defendant's place of business was closed up by a levy and sale of the goods contained therein. Such inquiry must, therefore, necessarily have been barren of results. Besides, it was distinctly stated by the agent of interpleader that all defendant's "orders were canceled with us; I was to ship no further goods to him."

There was no error on the part of the trial court in ascertaining from the return of the sheriff and other

evidence the amount received for the sale of the goods claimed by the interpleader, and ordering the payment thereof according to the verdict of the jury. *The Nelson Distilling Company v. Hubbard*, 53 Mo. App. 23; *State to use v. Fink*, 57 Mo. App. 626. Nor is appellant in a position to complain that such finding was excessive; for, if the court committed any error in adjudging the proceeds of the sale of other goods than those found by the jury to belong to the interpleader, appellant should have called attention to this fact at the time. As no exception was thus taken to the finding of the court, the point can not be raised for the first time in this court. If, however, there was a slight excess in the amount directed by the court to be paid to interpleader over and above the proceeds of the goods claimed by it, appellant was not damaged, because the jury found in its favor eighty-three cases of beer, which were included in the bill of sale made to interpleader by defendant, under an erroneous instruction of the court in favor of appellant. By the instruction referred to, the jury were told that, if at the time interpleader purchased said eighty-three cases of beer, it was aware that the same had been bought by defendant from plaintiff and not paid for, and that plaintiff had sued for the price thereof, then interpleader could not acquire any title to said beer. This declaration of law is unsupported either by reason or precedent. The result is that the judgment in this case is affirmed. All concur.