ROGERS & BALDWIN HARDWARE COMPANY, Appellant, v. RANDELL and DRYSDALE, Defendants; MRS. L. A. RANDELL, Interpleader, Respondent.

St. Louis Court of Appeals, February 23, 1897.

1. **Mortgage**: MISRECITAL OF INDEBTEDNESS: INADVERTENCE: FRAUD. A misrecital of indebtedness in a mortgage by mere inadvertence would not make the instrument fraudulent. But, where the issue as to fraud in the mortgage has been submitted to the jury, by the court, at plaintiff's request, under proper instructions, and the finding is against plaintiff, it is not reviewable on appeal.

2. ——: PARTNERSHIP: RETIRING PARTNER: DISPOSITION OF PARTNERSHIP PROPERTY. Where the interest of a retiring partner ceases before the execution of a mortgage on the firm property, the remaining partner may, as the sole owner, in the absence of any fraud, make any disposition of the property he may see proper.

3. **Attachment**: INTERPLEA: FINDING: JUDGMENT. In a proceeding on a statutory plea for articles salable when brought into court by attachment, upon a finding, after the sale of the property in dispute, establishing the full ownership of all the property in the interpleader, the proper judgment would have been for payment to interpleader of the entire proceeds.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED (*with modification and directions*).

*Heffernan & Heffernan* for appellant.

Where part of consideration for deed of trust is fraudulent, the entire conveyance is void. *State ex rel. v. Robertson*, 102 Mo. 410; *Kendall v. McConnell*, 15 Mo. App. 420; *McNichols v. Rubberman*, 13 *Id.* 515; *State ex rel. v. Distillery Co.*, 20 *Id.* 26; *Hanna v. Finley*, 33 Mo. 645. See brief in *Tube Works Co. v. Medicine Co.*, 118 Mo., at p. 365.

Nor is the fraudulent character of the mortgage changed by taking possession of the property. *Boland v. Ross*, 120 Mo. 208.

This being a partnership indebtedness, and Drysdale having sold his interest to Randell, with the express understanding that the partnership indebtedness should be paid out of the assets of the firm, makes the assets liable for the partnership indebtedness as against the individual indebtedness of Randell, the partnership being insolvent. *Phelps v. McNeely*, 66 Mo. 555; *Grocery Co. v. McCune*, 122 *Id*. 426.

The dissolution of the partnership did not impair the rights of the creditors. *Hundley v. Ferris*, 103 Mo. 85; *Reyburn v. Mitchell*, 106 *Id*. 365; 54 Mo. App. 97, 146. See, also, *Ackley v. Stalhlin*, 56 Mo. 562.

Attachment of partnership property by a creditor gives a superior lien to that created by prior attachment of same property by an individual creditor of one of the partners. *Clinton v. Brennedson*, 97 Mo. 145.

The judgment should have been that the sheriff pay to the interpleader out of the proceeds of the sale, etc. *Distilling Co. v. Hubbard*, 53 Mo. App. 23; *Lightfoot v. Wilmot*, 23 *Id*. 1.

Plaintiff's instructions should have been given. *Robertson v. Hope*, 102 Mo. 425, and authorities *supra*.

*N. B. Wilkinson* for respondent.

BOND, J.—Plaintiffs attached a stock of general merchandise in the possession of the interpleader, under a writ against Randell & Drysdale, who were indebted to plaintiffs for goods sold and delivered. The interpleader claimed the attached property. On the trial of the interplea, to which plaintiffs filed a general denial, it was shown that some time previous to plaintiffs' attachment suit, to wit, July 23, 1895, William

H. Randell purchased the one third interest of his co-partner Andrew Drysdale, in the partnership effects, paying $100 in cash, and agreeing thereafter to pay $50 for such purchase and agreeing further to assume the firm indebtedness, which included plaintiff's bill; that said William H. Randell executed a mortgage on the firm property to secure the payment of a note given by him to his sister-in-law, Mrs. L. A. Randell, the interpleader; that immediate possession of the stock was taken by the interpleader under said mortgage. The jury returned a verdict for the interpleader. From a judgment thereon plaintiffs appeal.

The first point made is that the mortgage is void because it recites that the debt secured is larger than the note and interest evidencing it. The testimony of the draughtsman of the instrument is, that in computing the interest on the note he calculated for three years instead of two, not observing at the time that the note, though three years old, according to its terms, bore interest beginning one year after date, which oversight and mistake caused the recital in the mortgage. A misrecital of the indebtedness by mere inadvertence would not make the instrument fraudulent. *State ex rel. v. Althaus,* 60 Mo. *loc. cit.* 128. The court, however, at plaintiff's request submitted the issue to the jury as to the "alleged false statements of the consideration" of the mortgage, in an unexceptionable instruction (printed in respondent's brief). The finding was against plaintiffs on this issue, and is therefore not reviewable.

*MISRECITAL of indebtness in mortgage: inadvertence: fraud.*

The next complaint is, that since the retiring partner sold his interest in the firm to his copartner, upon the promise of the latter to assume the liabilities of the partnership, therefore the assets of the firm in the

RETIRING part-
ner: disposition
of partnership
property.

hands of the succeeding owner became chargeable with the firm indebtedness, and he could not convey them to secure his private indebtedness. This is a misapprehension of the law governing the right of partnership and separate creditors in such cases. The law is that the primary right of partnership creditors to payment out of partnership assets depends upon the equities of the partners themselves. It is a purely derivative right and can not subsist when the ·interest of the partner through whom it is to be enforced has ceased. This prior right of partnership creditors to the subjection of partnership assets must be "worked out through the partners," that is, the latter may enforce by suit the application of the partnership assets to the demands of its creditors. So it is also true, where the partners have made no disposition of the assets of the firm, and for any reason the administration thereof is had by a proceeding in court, or upon an assignment under the statute, in either case, the partnership creditors are entitled to preference in the distribution of the firm assets. In the case at bar the interest of the retiring partner had ceased before the execution of the mortgage to interpleader. This fact entitled the remaining partner, in the absence of fraud, to make any disposition he saw fit of the property, of which he was then the sole owner. *Norris v. Ramsay,* 54 Mo. App. 153; *Reyburn v. Mitchell,* 106 Mo. 365; *Goddard-Peck Grocer Co. v. McCune,* 122 Mo. 426. Moreover the court at plaintiffs' request instructed the jury fully and more favorably than plaintiffs were entitled, on the facts necessary to show fraud in the execution of the mortgage. This instruction, though not set out in plaintiffs' abstract, is also supplied by respondent. The point under review is therefore ruled against appellants.

The only remaining objection relates to the form of the judgment. This being a proceeding on a statutory interplea for articles salable when brought into court by attachment upon a finding in favor of the interpleader after the sale of the property in dispute, the proper judgment would have been an award of the proceeds of such sale corresponding to the finding of the jury. In the case at bar the verdict established the full ownership of all the property in the interpleader, the court should therefore have adjudged the payment of the entire proceeds to her. *Nelson v. Distilling Company*, 53 Mo. App. *loc. cit* 31; The case cited was remanded because the interpleader therein only claimed a special interest in the attached property, and the jury made an unintelligible finding, so that we had not sufficient *data* upon which to make judgment in this court. In the case at bar the finding of the jury was entirely proper, and the only defect apparent upon the record proper is as to the form of the judgment. This being a mere conclusion of law, it is our duty to render the proper judgment upon the facts shown in the record. We therefore adjudge that the interpleader recover the entire proceeds of the sale of the property attached in this case, and direct the sheriff or other officer having charge thereof to pay the same over to her. The judgment of the circuit court as thus modified will be affirmed. All concur.

ATTACHMENT: interplea: finding: judgment.