## SWOFFORD BROTHERS DRY GOODS COMPANY, Appellant, v. MRS. A. DIMENT et al., Defendants; ISIDOR RUMMEL, Respondent.

### Kansas City Court of Appeals, June 29, 1908.

1. **SALES: Bailment: Partnership: Contract: Construction.**  An agreement set out in the opinion is construed and held to constitute neither a bailment nor a conditional sale but a partnership.

2. **PARTNERSHIP: Attachment: Interpleader: Debt: Partnership Effects.**  Though an interpleader owes no part of the attachment debt, but if the same has been contracted by his partner the partnership property is liable to attachment for such debts and under an interplea the interests of the respective parties may be ascertained and settled as in a replevin proceeding.

3. ———: ———: **Secret Contract: Merchants: Possession.** Where a merchant obtains credit as the owner of goods in his store a secret contract will not protect the interest of a silent partner in a part of the goods, nor entitle him to their possession as against an attaching creditor.

Appeal from Jackson Circuit Court.—*Hon. Edward E. Porterfield,* Judge.

REVERSED AND REMANDED.

*Ringolsky & White* for appellant.

(1) It was error for the court to submit to the jury the duty of construing the written contract introduced in evidence. To construe the contract was exclusively the duty of the court. Burress v. Blair, 61 Mo. 139; Charles v. Railroad, 124 Mo. App. 303; Bastress v. Chickering, 18 Ill. App. 198, 130 Ill. 206. (2) The contract is not a contract of bailment. It is not a contract of consignment. It is not a contract creating solely the relation of principal and agent between the interpleader and the defendant. Bicking v. Stevens, 69 Mo. App. 168; Ex parte White, L. R. 6 Ch. App. 397; Bradley Alderson & Co. v. McAfee, 149 Fed. 254; Bastress v. Chickering, 118 Ill. App. 198, 130 Ill. 206. (3) We claim, that the contract is either one of conditional sale, where property is to be sold, with a reservation of the title in the vendor and is condemned by our statutes and the general policy of our laws. See authorities cited under point 4. (4) Or it is a contract of copartnership, where the interpleader occupies the position of a silent, dormant partner permitting the defendant, Mrs. Diment, to represent to the public she is the sole owner of the business, its contents, conducted and controlled by her. Lengle v. Smith, 48 Mo. 276; Campbell v. Dent, 54 Mo. 325; Bank v. Altheimer, 91 Mo. 190; Torbert v. Jeffry, 161 Mo. 645; Whiting v. Leaking, 66 Md. 244; Murphy v. Warren, 55 Neb. 215; Dob and Dob v. Halsey, 16 Johns. (N. Y.) 34; Motley v. Frank, 87 Va. 432; Jenkins v. Eichlberger, 4 Watts 123; Lock v. Lewis, 124 Mass. 7. (5) Even if we are wrong in our contention that the contract is not one of conditional sale and even if the contract does not create a copartnership; and even if it be admitted that it is a contract creating the relation of principal and agent between interpleader and defendant, still, we claim that under the facts in this case, the interpleader, placing a general stock of mer-

chandise in the name of the defendant; giving her sole possession and authority to dispose of the same; knowing that she is advertising the same, as her own, cannot, as against the claim of an attaching creditor who extended credit in good faith, assert ownership of the property.    George v. Claggett, 7 Term. Rep. 354; Lock v. Lewis, 124 Mass. 1; McDermott v. Barnum, 19 Mo. 204; Camp. v. Railroad, 62 Mo. App. 88; Rieschick v. Klingelhoefer, 91 Mo. App. 430.

*Robt. E. Rooney* and *Leon Block* for interpleader.

(1)    The court did not submit the construction of the contract introduced in evidence to the jury.    Lumber Co. v. Delisle, 107 Mo. App. 615; Mitchell v. Railroad, 97 Mo. App. 411; Walker v. Robertson, 107 Mo. App. 571; Hewitt v. Price, 99 Mo. App. 666; Gayle v. Foundry Co., 177 Mo. 427.    (2)    The contract being uncertain and not fully showing its meaning within itself, it was proper to submit the matter to the jury.    Elevator Co. v. Mertz, 107 Mo. App. 28; Nelson v. Hirsch, 102 Mo. App. 498.    (3)    The contract was a contract of bailment.    The title to the goods remained in the interpleader, and the defendant became the agent of the interpleader for the sale of the goods, and held them for sale as bailee.    Peet v. Spencer, 90 Mo. 384; Brewing Co. v. Linck, 51 Mo. App. 478; Streighlitz v. Mercantile Co., 76 Mo. App. 275.    (4)    The contract between interpleader and defendants was not one required to be filed by the statutes as alleged by plaintiff, as no property was attempted to be conveyed, and same was not leased, loaned or hired.    Peets v. Spencer, 90 Mo. 384; Brewing Co. v. Linck, 51 Mo. App. 478.    (5) Driven from the position assumed at the trial plaintiff now contends that this contract constituted a partnership.    They are equally wrong in this contention. Mining Co. v. Swope, 204 Mo. 58; Hughes v. Ewing, 162 Mo. 295; Bank v. Outhwaite, 50 Mo. App. 124; Kel-

logg Co. v. Farrell, 88 Mo. 594; Clifton v. Howard, 89 Mo. 192; Hardware Co. v. McClaverty, 89 Mo. App. 154; Wiggins v. Campbell, 51 Mo. 20; Campbell v. Dent, 54 Mo. 325; Kelley v. Gaines, 24 Mo. App. 506; Musser v. Brink, 68 Mo. 242; Ashby v. Shaw, 82 Mo. 76; Donald v. Harshe, 67 Mo. 170; Darling v. Potts, 118 Mo. 506. (6) The trouble with plaintiff's position is that he confuses the terms possession and ownership. Had interpleader done anything to admit defendant's title or ownership, he would have been estopped, but merely allowing the defendant possession of his goods does not estop him in any way. The attaching creditor is in no different situation from that of the defendant under whom it claims. Knapp v. Stanley, 45 Mo. App. 270. An attaching creditor is not a purchaser for value. Stilwell v. McDonald, 39 Mo. 282; Sappington v. Deschli, 49 Mo. 244; Knapp v. Stadley, 45 Mo. App. 269.

BROADDUS, P. J.—On the 12th day of August, 1904, the plaintiff begun suit against Mrs. A. Diment and Sadie Diment, asking judgment for $414.25 in aid of which they sued out a writ of attachment under which the officer seized certain goods as the property of defendants, to-wit: 116 pairs of pants, 216 coats, 108 vests, 9 boxes of shoes and two single-barrel shotguns. In pursuance of an order of the court these goods were sold and the proceeds are in the hands of the officer.

On the 5th day of January, 1907, Isidore Rummel filed his interplea claiming that he was the owner of said goods and entitled to the proceeds in the hands of said officer. An issue was made on the interplea by plaintiff filing an answer thereto and defendant filing a reply. The cause was tried before a jury which returned a verdict for the interpleader upon which the court rendered judgment, from which plaintiff appealed.

The record discloses that at and prior to issuing

the writ of attachment the goods in controversy were in the possession of defendants at Independence, Missouri, where they were engaged in the mercantile business; but that a short time prior to its service they were taken out of the storehouse of defendants by the interpleader and carried to Kansas City, Missouri, where he was also conducting a large mercantile business. Much evidence was introduced by the respective parties which with the view we have of the case has nothing to do with the real controversy. The cause depends upon a proper construction of the following instrument:

"This is to certify that an agreement has been entered into, this day, by and between Isidore Rummel, Kansas City, Missouri, parties of the first part, and Augusta Diment and Joseph Diment, of Independence, Missouri, parties of the second part; whereby in consideration of the parties of the second part keeping and maintaining a storeroom at 120 South Main street, Independence, Missouri; also paying the rent on same, necessary clerk hire and license fees and all other expenses incidental to conducting such a business, and for the further consideration of fifty per cent of the profit made on the goods hereinafter mentioned, the said Isidore Rummel, party of the first part agrees to furnish to said parties of the second part from time to time, clothing, hats, shoes, guns, pistols, watches, jewelry, sporting goods, and other goods on consignment; same to be and always remain the property of the said Isidore Rummel, and the said parties of the second part to receive one-half profit for the sale of said goods.

"It is further agreed and understood between the two parties the said Isidore Rummel, party of the first part, shall have the right at any time, with or without notice, to enter the premises of the parties of the second part and remove any or all of the goods furnished by him, whenever he may deem it desirable to do so and

the said parties of the second part hereby release him from all damages in so doing.

"It is further agreed by the parties of the second part that they will furnish each and every week an itemized statement of the kind and amount of goods sold by them and shall pay to the said Isidore Rummel the cost of said goods and one-half the profits of same, and that said settlement shall be made in the storeroom of the said Isidore Rummel, in Kansas City, Missouri.

"It is especially agreed between the parties that a failure to keep said goods in a careful and proper manner or become delinquent in the payments of the rent, or any other expenses necessarily incurred in said business shall cause this contract, at the option of the said Isidor Rummel to become null and void, and in such an event, said parties of the second part hereby agree to pay the cost of removing said goods to such place in Kansas City, Missouri, as may be designated by the said Isidor Rummel. It is to be expressly understood that the furnishing of the goods above mentioned by the said Isidor Rummel, or any part of the same, shall be entirely at his option, and the failure to furnish them, or any part of them, shall in no manner create or cause a liability against said Isidor Rummel.

"This contract is to be and remain in force for ten years, if acceptable to both parties, but may be avoided by the parties of the second part upon the return of all of the goods furnished by the said Rummel in good and merchantable condition; they, the parties of the second part, paying whatever expense is necessary in the transfer or removal of said goods. This contract may also become null and void at the option of the said Isidor Rummel for any reason that may seem to him sufficient or desirable.

"It is further agreed that the parties of the second part will keep the goods furnished by the said Isidor Rummel insured in some standard insurance company

for the benefit of said Rummel in a sum, equal, at least, to eighty per cent of said value of said goods due to lack of care or negligence on their part.

"Made in duplicate.

"Done the 5th day of July, 1904, Kansas City, Missouri:

| | |
|---|---|
| (Signed) | ISIDOR RUMMEL. |
| (Signed) | AUGUSTA DIMENT. |
| (Signed) | JOSEPH DIMENT." |

The interpleader tried the case upon the theory that the writing was in the nature of a bailment, or a deposit on sale for commission. The plaintiff's theory was that the transaction was a conditional sale, and therefore void as to creditors, the writing not having been acknowledged and recorded as provided by the statute. But as we construe the writing it was neither, but that the said Mrs. A. Diment and the interpleader constituted a partnership, in so far as the goods in controversy were concerned. By the terms of the contract the two Diments were to put into the business their services in selling the goods, the expense of maintaining a store room and to pay all the other expenses incident to the business, and the interpleader was to furnish the goods, the profits to be shared equally. The provision that the interpleader was to receive back the cost of his goods did not prevent the transaction from being a partnership. We have a case exactly like it in principle where it held that the facts established the existence of a partnership. [Tobert v. Jeffrey, 161 Mo, 645.] The statements in the writing that the goods were to remain the property of the interpleader, and that they were deposited for sale on commission, must be construed with reference to the entire contract, and must give way to the specific provisions to which we have called attention. The rule is that the formation of a partnership is one of intention by the parties,

which must be arrived at from the contract itself and surrounding circumstances. [Hughes v. Ewing, 162 Mo. 261.] The transaction lacks some of the important elements constituting a sale. There was no price fixed and no agreement upon the one side to sell and on the other to buy. Nor was there anything in the contract providing for commission to be paid on sales to be made and no price fixed at which they were to be sold.

The interpleader owed no part of the debt, it was contracted by Mrs. A. Diment in her general mercantile business with which the interpleader had no concern. But notwithstanding the debt was the individual debt of Mrs. Diment the partnership effects were liable to attachment for such debt. [Wiles v. Maddox, 26 Mo. 77; Lloyd v. Tracy, 53 Mo. App. 175; Cogshall v. Munger, 54 Mo. App. 420; Drumm Flato Com. Co. v. Summers, 89 Mo. App. l. c. 310.] In such cases an interplea being in the nature of a suit in replevin the interest of the respective parties may be ascertained and settled. Idem.

Credit was extended by plaintiff to Mrs. Diment upon the faith that she was the owner of all the goods in the store. The contract under which the goods in controversy was placed in the store was a secret one, not known to third persons. Under such circumstances common fair dealing forbids that the interpleader should interpose his claim to the goods in controversy as against the claim of the plaintiff who extended credit to Mrs. A. Diment on the belief that she was the owner. The law is stated thus in 1 Bates on Partnership, sec. 155: "A partner cannot keep his membership secret and afterward appear and embarrass creditors or persons who have acquired claims on the faith of the sole ownership of the ostensible partner." The interpleader is not entitled to recover because he has not shown that he has the right to the immediate and ex-

clusive possession of the goods. [Hardware Co. v. Hardware Co., 75 Mo. App. 518, and cases cited.]

It follows from what has been said that the cause is reversed and remanded. All concur.