## CITIZENS TRUST COMPANY Appellant, v. GEORGE W. ELDERS, Defendant, J. S. MERRELL DRUG CO., Interpleader, Respondent.

### Springfield Court of Appeals, August 31, 1923.

1. **CHATTEL MORTGAGE:** Mortgagor in Possession. A chattel mortgage, though valid upon its face, is void when it is sown that the mortgagor remained in possession and sold the goods covered by the chattel mortgage at retail and in the usual way without applying the proceeds on the mortgage.

2. **INTERPLEADER:** Void Mortgage. The mortgage was void as to creditors as far as the stock of drugs was concerned, and the jury having found for interpleader for the furniture and fixtures only found, in effect, against the interpleader as to the stock of drugs.

3. **MORTGAGE VOID AS TO CREDITORS, MAY NOT BE VOID IN TOTO.** A mortgage may be void as to goods covered by the mortgage and to be sold and replenished from time to time, and be valid as to furniture and fixtures in the store.

4. **VERDICT FOR INTERPLEADER WHICH DOES NOT FIND THE VALUE OF HIS INTERESTS.** The provisions of the statute governing replevin suits, do not apply to proceedings on an interplea in an attachment suit. The interplea statute only provides

that any person claiming property, money, effects or credits attached may interplead in the cause. The right of election which is given by statute in replevin actions does not obtain in interplea cases under the attachment statute. When property must all go together and the interpleader must recover all of it if he prevails, there is but one issue to try upon the interplea and that is, was interpleader the owner of the property or did he have the right to the immediate possession of it. In such case the verdict of the jury should be responsive to that issue alone and their findings should be confined to that one question and no value should be assessed.

5. WHEN THE PROPERTY INTERPLEADED FOR HAS BEEN SOLD. When the jury finds that the interpleader is entitled to all the property and the property has been sold by order of the court, it then becomes the duty of the court to order the money for which the property sold, which stands in the place of the property delivered, to the interpleader.

6. WHERE FINDING IS FOR INTERPLEADER FOR ONLY A PART OF THE PROPERTY SOLD. In such case the jury must find what part of the proceeds of the sale was produced by the property which the jury found the interpleader was entitled to recover.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*Shepard & Hawkins* for appellant.

(1) Plaintiff's peremptory instruction should have been given (a) because the mortgage itself under which interpleader claimed, as well as all the evidence shows that the mortgage covered a stock of goods, including movable fixtures which stand in the same light as the stock of goods, and the mortgagor was given the right to sell and dispose of the goods covered by the mortgage without being required to account to the mortgagee for the sales made. Such mortgages are void as to the creditors of the mortgagor and as to both the stock of goods and fixtures of the nature of the fixtures embraced within the present mortgage. Independent Packing Company

v. Barth, 128 Mo. App. 592; Cahme v. Weber, 173 S. W. 76; Hubbell et al. v. Allen, 90 Mo. 574; Liles v. Potter, 206 S. W. 582. (2) The mortgage on its face made the mortgagor the agent of the mortgagee to sell and dispose of the stock of goods and fixtures, and the evidence shows the sale was made under the terms of the mortgage and with the consent and approval of the mortgagee. Therefore there was no breach of the terms of the mortgage and where the mortgagee gives the mortgagor permission to sell he cannot afterwards claim under the mortgage. DeWitt v. Syfon, 202 Mo. App. 469, 211 S. W. 716; Coffman v. Walton, 50 Mo. App. 404; Rogers v. Davis, 192 Mo. App. 378, 184 S. W. 151. (3) Interpleader not only gave the mortgagor the right to sell but accepted a bill of sale from the party to whom the mortgagor sold in lieu of the outstanding obligation of the mortgagor, to it, therefore, the mortgagee was estopped to claim under the mortgage. Western Auction & Storage Co. v. Shore, 179 S. W. 769. (4) Where attached property has been sold and an interplea is filed in the proceeding, the finding of the jury is for the interpleader must be for his interest in the fund derived from the sale of attached property. Stadden Grocer Co. v. Lusk, 95 Mo. App. 261. (5) In a controversy between a special lienholder and a stranger to the lien no more than the actual value of the property may be recovered no matter what may be the amount of the encumbrances. Payne v. King, 141 Mo. App. 246; Exchange National Bank v. Daley, 237 S. W. 846.

*Ward & Reeves* for respondent.

(1) Even though a mortgage provides on its face for future advances, and that the mortgagor shall replenish the stock as sold, and also providing that the mortgage shall cover after acquired goods, and giving the mortgagor the possession and right to sell in the regular course of business—all, or none, of these privileges makes the mortgage void on its face, unless it further provides

that the proceeds shall be kept and used by the mortgagor and not applied on the indebtedness. Smith-Wallace Shoe Co. v. Wilson, 63 Mo. App. 326; Bullene v. Barrett, 87 Mo. 185. (2) We contend that there was no competent proof to prove this alleged agreement, and that all the evidence of witnesses Spore and Case, as to this agreement with interpleader's agent Stole, was incompetent because Stole was dead. Real Estate Co. v. Building Co., 196 Mo. 358; Carroll v. United Ry. Co., 157 Mo. App. 247; Edwards v. Scharff, 213 S. W. (Mo. Sup.) 823; Taylor v. George, 176 Mo. App. 215. (3) As to this alleged agreement, or consent of the interpleader, if it be admitted that the evidence was competent, the burden of proof was upon appellant, and this being true, the court could not direct a verdict on this oral testimony. This was a jury question, and the question of the release of the mortgage was submitted to the jury by the instructions, and the finding was not disturbed by the trial court. This court is therefore bound by the finding of the jury and trial court as to this issue however much uncontradicted oral testimony the appellant might have introduced on the question. Burgess v. Life Ins. Co., 230 S. W. (Mo. Sup.) 315; Foster v. Life Ins. Co., 233 S. W. (Mo. App.) 499; Trust Co. v. Hill, 223 S. W. (Mo. Sup.) 434; Quissenberry v. Steward, 219 S. W. (Mo. Sup.) 625; State ex rel. v. Reynolds, 277 Mo. 14; Hay v. Bankers' Life Co., 231 S. W. (Mo. App.) 1035; Lafferty v. Casualty Co., 229 S. W. (Mo. Sup.) 750. (4) It is unquestionably the law in this State that the jury should make no finding whatever respecting any fund in court, but all the jury determines is the right of possession of the property at the time it was attached, and if the interpleader has a special interest therein on account of the mortgage, then it is the duty of the jury to determine such interest, which of course, is the amount of the debt. Distilling Co. v. Hubbard, 53 Mo. App. 23; Grocer Co. v. Goetz, 57 Mo. App. 8; Engine & Thrasher Co. v. Glazier, 55 Mo. App. 95; Beck v. Wisely, 63 Mo. App. 239; Bank v. Totten, 114 Mo. App. 197; Hewson v. Tootle, 72 Mo.

632; Car Co. v. Bernard, 139 Mo. 142. (5) As there was substantial evidence in the case that the interpleader was in possession of the property, then the interpleader was entitled to recover as to the after acquired property. Keating v. Hennenkamp, 100 Mo. 161; Bank v. Bank, 171 Mo. 307; Gregory v. Tauenner, 38 Mo. App. 627; Watkins v. Crenshaw et al., 59 Mo. App. 183; Scudder v. Bailey, 66 Mo. App. 40; Littlefield v. Linley, 75 Mo. App. 511.

COX, P. J.—A suit upon certain notes was brought by plaintiff against defendant George W. Elders. A writ of attachment was issued and a stock of drugs and certain store fixtures and furniture was seized under the writ of attachment. The J. S. Merrell Drug Company filed an interplea claiming all the property under a chattel mortgage. A trial was had before a jury upon the interplea which resulted in a verdict for the interpleader for the fixtures and the jury found the value of interpleader's special interest therein to be $665.70. On this verdict the court rendered judgment which adjudged that at the time of the levy of the writ of attachment, the interpleader was entitled to the possession of certain property specifically described in the verdict and further adjudged that the interpleader's special interest in said property was the sum of $665.70 and followed this with a judgment against plaintiff for costs. Plaintiff appealed.

The evidence discloses that Ralph Spore was the owner of the stock of drugs, fixtures and furniture in question and on January 6, 1919, executed a note to J. S. Merrell Drug Company for $896.40 and secured it by a chattel mortgage on the stock of drugs, fixtures and furniture in question in this suit. This mortgage was duly recorded January 23, 1919. Later Mr. Spore sold the stock of drugs, fixtures and furniture to defendant George W. Elders and received from Elders the notes in suit which he negotiated to plaintiff. The mortgage was in the usual form and valid upon its face but

the evidence shows that Spore was conducting a retail business and that he sold and replenished the stock of drugs in the ordinary way without accounting to the mortgagee for the proceeds of sales. The property levied upon by the attachment writ was sold by order of the court and the proceeds of the sale, in contemplation of law, was in the custody of the court at the time of the trial. There was some testimony on part of plaintiff tending to show that when Spore sold the goods and fixtures to Elders it was done with the interpleader's consent and that interpleader took a bill of sale from Elders covering the stock of drugs and fixtures and released Spore and the chattel mortgage given by him. That question, however, was submitted to the jury by an instruction given at the request of plaintiff and the jury having found against plaintiff, that binds us.

The chattel mortgage under which interpleader claims, though valid upon its face, yet, when it was shown that the mortgagor remained in possession and sold the goods covered by the chattel mortgage at retail in the usual way without applying the proceeds on the mortgage, the mortgage was void as to creditors as far as the stock of drugs was concerned and the jury having found for interpleader for the furniture and fixtures only found in effect, against the interpleader as to the stock of drugs. The fact that the mortgage on the stock of drugs was void as to the creditors of Spore did not render it void *in toto*. The furniture which consisted of a stove, a water cooler, a mirror and a thread case, and the fixtures which consisted of a soda fountain outfit, shelving, counters, etc., were not goods to be sold and replenished from time to time as were the articles composing the stock of drugs. As to the furniture and fixtures, the mortgage was valid and binding though void as to the stock of drugs. [Donnell v. Byern, 69 Mo. 468; Bullene v. Barnett, 87 Mo. 185; Mallmann v. Harris Bros., 69 Mo. App. 127.]

From the foregoing it is clear that interpleader was entitled to recover the furniture and fixtures but nothing

more. The abstract of the record in this case shows that the jury "brought in a verdict which the court refused to accept." No copy of that verdict appears in the record but from the statements of counsel and the court in the presence of the jury at the time, we infer that this verdict was for interpleader for the furniture and fixtures without assessing any value upon the interest of interpleader therein. The trial court was of the opinion that the jury should assess that value and for that reason refused to receive the verdict. The jury then retired again and afterward brought in a verdict which was received and ordered filed. This verdict was as follows: "We the jury find that at the time of the levy of the writ of attachment the interpleader was entitled to the possession of the following described personal property, to-wit: 1 soda fountain outfit; 4 short cases; 1 heating stove; a water cooler; 1 looking glass; 1 thread case; 1 lot of shelving; two counters; and we further find that interpleader's special interest in said property is $665.70." The court had instructed the jury that if they found for interpleader they should assess the value of its special interest in the property at a sum equal to the amount remaining due on the note offered in evidence. This note was the note secured by the chattel mortgage given by Spore to interpleader and the amount then due on it was $665.70.

If this were a replevin suit, then, under the statute, the assessment of the value of the goods or of the interest of the prevailing party therein would have been in conformity to the statute. If the interpleader is to be regarded in all respects in the same light as a prevailing party in a replevin suit who is not in possession of the property at the time of the trial, then undoubtedly the assessment of the value of his interest in the property would be proper and right. The replevin statutes provide that the prevailing party, when the property is in possession of the other party at the time of the trial, has the right to have the value of the property or his interest therein assessed and then he has the right, if he so

desires, to elect to take the assessed value and permit the other party to retain the goods. [See R. S. 1919, secs. 2082, 2083, 2085, and 2086.] But we find no provision of that kind in the statute which authorizes an interplea in an attachment suit. The only provision in relation to interpleas by claimants of property in attachment suits is found in section 1776, Revised Statutes 1919, which is as follows: "Any person claiming property, money, effects or credits attached may interplead in the cause verifying the same by affidavit and issues may be made upon such interplea and shall be tried as like issues between plaintiff and defendant and without any unnecessary delay."

In construing this statute and the rights of the interpleader under it, it has been held that the interplea is in the nature of a replevin suit engrafted upon the attachment suit and that the interpleader must recover, if at all, upon the strength of his own title and must have the legal title to the property or the right to immediate possession. [Gate City Nat'l Bank v. Boyer, 161 Mo. App. 143, 142 S. W. 487; Brownwell & Wight Car Co. v. Barnard, 139 Mo. 142, 40 S. W. 762; Rice Stix & Co. v. Sally, 176 Mo. 107, 119, 75 S. W. 398.]

It is also held that the interplea is a separate and distinct action from the attachment suit and that the issues on the interplea must be tried before the issues between the original parties to the suit upon the attachment. [Car Co. v. Barnard, 139 Mo. 142, 49 S. W. 762; Kahmke v. Weber, 187 Mo. App. 698, 701, 173 S. W. 76.]

It has been held that since the interplea is considered as a replevin suit engrafted upon the attachment proceeding the interest of all the parties concerned may be ascertained and settled in the interplea proceeding. [Drum Flato Com. Co. v. Summers, 89 Mo. App. 300, 310; Dry Goods Co. v. Diment, 132 Mo. App. 616, 623, 111 S. W. 1196.]

We have found no case in this State holding that the provisions of the statute governing replevin suits apply to proceedings on an interplea in an attachment suit.

The interplea statute above quoted only provides that any person claiming property, money, effects or credits attached may interplead in the cause. That, evidently, gives a claimant the right to have his claim established; but since, in an attachment suit, the creditor, if successful, has the right to have whatever interest his debtor has in the property subjected to the payment of his debt, the interpleader, in order to take the property out from under the attachment, must show either that he has the title to the property or that he has the right to the immediate and exclusive possession thereof as against the attaching creditor and his debtor. If he has neither title nor right to immediate possession he must fail. If he succeeds he must take the property or if it has been sold by order of the court, he must take the proceeds of the sale which represents the property. He cannot take a money judgment against the attaching creditor. [The Nelson Distilling Co. v. Hubbard, 53 Mo. App. 23, 30; Young v. Keller, 94 Mo. 581, 7 S. W. 293.]

The right of election which is given by statute in replevin actions to take either the property or the assessed value thereof does not obtain in interplea cases under the attachment statute. When the property must all go together and the interpleader must recover all of it if he prevails, there is but one issue to try upon the interplea, and that is, was the interpleader the owner of the property or did he have the right to the immediate possession of it. In that case the verdict of the jury should be responsive to that issue alone and their finding should be confined to that one question and no value should be assessed. [Mills v. Thompson, 61 Mo. 415; Henson v. Tootle, 72 Mo. 632; Engine and Thresher Co. v. Glazier, 55 Mo. App. 95, 101.]

When the jury finds that the interpleader is entitled to all the property and the property has been sold by order of the court, the property, of course, cannot be returned to the interpleader. In that case it is the duty of the jury to merely find for or against the interpleader. If they find for him, all that they need do is to find that

the interpleader was the owner, or if not the owner, that he was entitled to the possession of the property. Upon the return of a verdict of that kind, it then becomes the duty of the court to order the money for which the property sold, which stands in the place of the property, delivered to the interpleader. [Henson v. Tootle, 72 Mo. 632; Engine & Thresher Co. v. Glazier, 55 Mo. App. 95; The State to use v. Fink, 57 Mo. App. 626; Hardware Co. v. Randell, 69 Mo. App. 342.]

If the property has been sold by order of the court and the finding of the jury is in favor of the interpleader for all the property that has been sold, then the duty of the court to order the proceeds of the sale to be paid to the interpleader is clear. The difficult question in this case is, what shall the court do when the property has all been sold and the jury finds for the interpleader for only a part of the property. We have found no case dealing with that specific question but we think the duty of the court under such circumstances may be logically deduced from the nature of the proceeding and the rights of the parties growing out of it. The proceeding upon an interplea in an attachment suit is a law action and the right of trial by jury cannot be denied a litigant. In order that the constitutional right of trial by jury in a law action may be preserved inviolate, it is necessary that the jury pass upon and determine all the facts necessary to be found in order that the court may enter the proper judgment, even though this course may result in imposing upon the jury, in some instances, the duty of making a finding of facts instead of merely finding for one party or the other as is the usual practice. In this case the property had been sold and the court, in entering judgment, could not deal with the property for that had passed from the custody of the court. The court, must, therefore, deal only with the proceeds of the sale of the property and all the facts necessary to be found in order that the court may make proper disposition of the funds in its custody must be found by the jury and incorporated in the verdict, for the verdict is the finding

of facts on which the judgment is based. When the jury found for interpleader for only a part of the property sold the court could not determine how much of the proceeds of sale to order paid to interpleader without first ascertaining what part of the proceeds of sale was produced by the property which the jury found the interpleader was entitled to recover. The determination of that question was as much an issue of fact as any other issue in the case and we see no escape from the conclusion that the jury must determine that question the same as any other question of fact. The court should by instruction, if asked, have informed the jury of their duty in case they found for interpleader for only part of the property and should have required the jury to find what part of the proceeds of sale was produced by the property to which they should find the interpleader entitled. If the sale were made by separate articles and the price for which each article was sold was returned by the sheriff who made the sale then the only thing required of the jury in their verdict would be to designate the articles to which they should find the interpleader entitled. If the sale was in bulk it would seem that the most practical way in which to ascertain what part of the proceeds was produced by the articles found to belong to the interpleader would be to find the value of those articles and the value of the entire amount of goods sold and then divide the amount for which the goods sold accordingly.

If there were any controversy as to the amount due interpleader on the note secured by its mortgage that issue should also be submitted to and determined by the jury so the court might know the extent of the interpleader's interest. The court could, in no event, order more than was due on the note paid to interpleader. It might, of course, be less than the amount due on the note. That would depend on what part of the proceeds of sale was produced by the sale of the goods which the jury should find the interpleader to be entitled to.

The judgment will be reversed and the cause remanded. *Farrington* and *Bradley, JJ.,* concur.